WILLIAM LONG, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where the facts proven on the trial make a weak case of robbery, and the affidavits of four witnesses are produced to newly discovered evidence, not *merely* cumulative, which might and probably would, have changed the verdict, and no want of diligence in procuring the newly discovered evidence appears, a new trial should be granted.

2. Where, in addition to the affidavits of these four witnesses, two policemen swear to statements made by the prosecutor inconsistent with his testimony on the trial, and the prosecutor is the only witness for the state; whilst the discovery, since the trial, of these inconsistent statements would not, of itself, be ground sufficient to grant a new trial upon, yet, taken in connection with the other four affidavits, they tend to strengthen the motion for a new trial, and it will be more readily granted.

Criminal law. New trial. Newly discovered evidence. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

Reported in the opinion.

HOKE SMITH; GARTRELL & STEPHENS, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted for robbery; the jury found him guilty. A motion was made for a new trial on the grounds that the verdict was contrary to the evidence and without evidence to support it, contrary to law, and that evidence had been discovered since the trial which would probably have changed the verdict. The court refused to grant the new trial, and that refusal is the error assigned.

The facts are briefly these, as proven on the trial: A young man named DeLong came to Atlanta, sold some meal for $26, bought a bottle of whisky, got in company with a couple of lewd

women, and with the defendant and another man, went out
to Ponce DeLeon Spring on a frolic, and lost all the money
out of his pocket-book except $3 00.   They were joined at
the spring by other women of the same class; remained there
some time; DeLong went off with some of the other women
a short while; they (the five) then left the spring together,
visited various places, and on his way back to the wagon-yard
where he put up, DeLong swears that he was robbed of his
pocket-book by defendant and one of the women, in this
manner: The two accompanied him back, one walking on
each side and holding his arms, when defendant took ·hold of
his pocket-book and, against his will, took it from him, saying
he would take care of it for him; the woman, who was also
indicted in the same bill, put it in her stocking, and after-
wards returned it to him.   When they parted from him, de-
fendant told him if he returned that he would shoot him.
On arriving at the wagon-yard he missed all his money ex-
cept $3 00.   All the party were drinking; bought whisky
repeatedly, when DeLong's pocket-book was exposed; and
DeLong himself was quite drunk, according to his own testi-
mony and that of all the others.   The alleged robbery oc-
curred at night—nine or ten o'clock.   There were houses
about, yet no outcry was made by DeLong.   He was the only
witness for the state.   The woman was sworn for the de-
fense, and denied the robbery, and two or three other witnesses
were sworn, showing the drunkenness of DeLong and his as-
sociating with other women at the spring.   We think the
facts show rather a weak case of robbery.   No intimidation
or threat was used except the threat to shoot him, if he re-
turned, and this was before he discovered that his money was
gone, and after the pocket-book had been returned to him;
nor was any great force used, nor does he appear to have been
frightened.   It is doubtful if the money did not slip from the
pocket-book before the time of the alleged robbery, if he did
not spend it in the previous debauchery, or some one did not
then steal it.   Still, the question was for the jury; there was
some force, and we will not interfere with the verdict on the

ground that it is contrary to the evidence. Nor will we interfere on the ground that it is contrary to law, although from the trifling amount of force used, and the *quasi* willingness of DeLong for defendant to take care of the purse, if he or the woman afterwards took the money, it would look more like larceny after a trust than like robbery.

We come, then, to the ground of newly discovered evidence. This consists of the affidavit of two women, that they saw Eva Sweatman (the woman present at the alleged robbery,) in possession of DeLong's purse at Ponce DeLeon Spring before the time of the alleged robbery, and that De-Long said to her then and there that she could have any amount of the money she wanted. Also, of the affidavits of two other women, that they heard Eva Sweatman say she had money enough to buy a gallon of whisky, and saw her put money in her stocking at the house of Mrs. Hackett, before the time of the alleged robbery. Also, of the affidavits of two policemen, to the effect that DeLong told them the day after the alleged robbery that Eva Sweatman ran her hands in his pocket and took out his pocket-book, which contained $26 00, and when she returned it to him $23 00 was gone.

The affidavits of the policemen alone would not be sufficient to authorize a new trial on the ground of newly discovered testimony, as they consist only of contradictory statements of the prosecutor : 13 *Georgia*, 513 ; but they strengthen the motion predicated upon the other affidavits. Those affidavits are to facts and circumstances not cumulative, and which, if before the jury, might, and probably would, have changed the verdict. The defendant was arrested and confined the next day ; no want of diligence appears on his part, nor on that of his counsel, under the facts disclosed in the record. The case made by the prosecutor was not a strong one for the high crime of robbery by force, for which the defendant has been sentenced to ten years in the penitentiary. The prosecutor was the only witness sworn for the state ; he was drunk to the extent of staggering and throwing up along the road and at the wagon yard on his return, therefore, taking the

whole case together, we conclude that the ends of justice demand a new hearing, and we feel constrained to reverse the judgment and grant the new trial.

Judgment reversed.