FANNING *vs.* THE STATE OF GEORGIA.

To constitute robbery, as distinguished from larceny from the person, there must be force or intimidation in the act; therefore, where a thief slipped his hand into the pocket of a lady and got his finger caught therein, and she felt the hand, and turning, saw him unconcernedly looking at the houses, and caught him by the coat, which was left with her in making his escape:

*Held*, that the crime is larceny from the person, and not robbery, though the lady's pocket was torn in extracting his hand.

Criminal law. Robbery. Larceny. Before Judge SIMMONS. Fulton Superior Court. September Term, 1879.

Reported in decision.

FRANK A. ARNOLD, for plaintiff in error.

B. H. HILL, Jr., solicitor-general, for the state.

JACKSON, Chief Justice.

The substantial facts in this case are, that the defendant slipped his hand into a lady's outside pocket, and furtively took therefrom a purse of money. Before he got the purse entirely out, she felt the hand and tried to seize it, but the thief had succeeded and the purse was gone. In extracting hand and purse, the pocket was torn, and when the lady turned she saw the thief looking unconcernedly at the houses on Whitehall street. She rushed upon him and caught him by the coat, which in his struggle to escape, was left torn in her possession. Afterwards a policeman arrested and secured him.

The sole question is, do these facts make a case of robbery or larceny from the person under our Code?

The criminal deed was consummated when the purse was taken from the lady. The subsequent struggle to recapture it by seizing the thief cannot be considered to

determine whether the taking itself was forcible, or private and furtive. The mere fact that the pocket was torn in the effort to get the furtive hand out with the purse when the lady felt it and tried to seize it, is not sufficient, we think, to show such force and open violence as makes the crime of robbery.

Under the Code of this state, robbery is "the wrongful, fraudulent and *violent* taking of money, goods or chattels, from the person of another, by force or intimidation, without the consent of the owner," Code, §4389. There was no intimidation here at all, nor was there such force or violence as to constitute robbery as distinguished from larceny, under sections 4392 and 4410 of the Code. That distinction is, that larceny from the person is the stealing privately or without the knowledge of the person wronged, or as the definition of robbery would. make it, without violence and force, or intimidation. The attempt and intent in this case was private, and the deed was done without the knowledge of the lady, except that she felt somebody's hand, and turning saw the thief, and then with the knowledge came the effort, not to prevent the capture of, but to recapture the stolen purse.

There being no attempt on the part of the thief to use force or to intimidate the lady, but the whole facts showing that his purpose was to take the purse privately and without her knowledge, with intent to steal it, and the nature of the crime being ascertained by that intention which is always an element in it, Code, §4292, as well as by the consummation, which in this case was, in the act itself, private and furtive and not forcible, we conclude that the defendant should have. been found guilty, not of robbery, but of larceny from the person, and a new trial must be granted.

Judgment reversed.