## USOM *v.* THE STATE.

*Simmons, C. J.*—The *corpus delicti* was clearly proved, and although the evidence to identify the accused as the perpetrator of the crime was not strong nor entirely satisfactory to this court, it was sufficient to warrant a finding that he was the guilty party. This court, therefore, cannot control the discretion of the judge below, who was satisfied with the verdict, in refusing to grant a new trial.                    *Judgment affirmed.*
March 18, 1895.

Indictment for robbery.   Before Judge Gober.   Cobb superior court.   November term, 1894.

According to the testimony of Mrs. Bellah and her daughter, they were driving home from Marietta on the public road outside of the town, when they were overtaken by a negro man walking. He walked by the side of the wagon for a few moments; then suddenly ran to the wagon and seized the satchel which was hanging on the "front gate" of the wagon. Mrs. Bellah also took hold of it and tried to keep him from getting it, but he pulled it from her, breaking the handle, and ran away with it. These two witnesses identified defendant as the man who did the robbery. They had not known him previously. The robbery occurred between four and five o'clock on Friday the 29th of June. On the next Monday Mrs. Bellah was called to the jail, and defendant was brought before her as the person in custody who was supposed to have committed the crime. On account of the light shining in her face, she could not well see him, and did not then recognize him so

well as afterwards, when he had his hat on, etc. Defendant introduced a number of witnesses, whose testimony tended strongly to prove an *alibi*, and to show that a different negro (a stranger) was seen on the afternoon of the robbery, very near where it probably occurred, and running away from the place. The jury found defendant guilty. He moved for a new trial on the grounds, that the verdict was contrary to law and evidence, and without evidence to support it. The motion was overruled, and he excepted.

*J. Z. Foster* and *Frey & Frey*, for plaintiff in error.

*George R. Brown*, solicitor-general, by *Harrison & Peeples*, contra.