## SPENCER, *alias* BROWN, *v.* THE STATE.

Suddenly snatching a purse, with intent to steal the same, from the hand of another, without using intimidation, and where there is no resistance by the owner or injury to his person, does not constitute robbery.

Submitted February 20, — Decided March 14, 1899.

Indictment for robbery. Before Judge Sweat. Glynn superior court. December term, 1898.

*Owens Johnson* and *A. D. Gale*, for plaintiff in error.
*John W. Bennett*, solicitor-general, contra.

FISH, J. Frank Spencer, alias Joe Brown, was indicted and tried for the offense of robbery. From the evidence submitted by the State (there was no evidence introduced by the defendant) it appears that Mrs. O'Connor and another lady were standing on a street in the city of Brunswick, when the accused approached them and asked, "Will you please tell me. where Captain Dart lives?" and just as he said this he snatched a pocketbook, containing $7.50, from the hand of Mrs. O'Connor, and ran away with it. She testified, that she did not have time to hold on to the book, it was all done so quickly; that she just had it in her hand, as ladies usually carry pocketbooks, and was not expecting it to be taken away from her, and was therefore not grasping it unusually tightly; that she did nothing at all to prevent him from taking it; that she did not consent nor object to his taking it, as she did not have time to do either; that the accused had it and was gone before she knew it. The court charged the jury: "If you shall find it to be true, that this defendant, in the county of Glynn and on the date named, coming in contact with Mrs. Mary B. O'Connor upon the sidewalk and entering into some conversation with her or propounding some question to her, or to others. who were with her, if you shall find that she held her purse openly in her hand, and this defendant, in full view of her and with her knowledge, she seeing him, suddenly snatched her purse and its contents from her, without her consent, and ran off with it, — the court charges you that if you shall find that to be true, and this was done by this defendant with intent to

steal the same, that would make, under the law of this State, a case of robbery; and in such event it would be your duty to convict the defendant." There was a verdict finding the accused guilty of robbery. He moved for a new trial, upon the grounds, that the verdict was contrary to law and the evidence, that the charge above quoted was error, and upon other grounds not necessary, in the view which we take of the case, to be passed upon. The motion was overruled, and he excepted.

The question which controls this case is, whether the facts as proved constitute the offense of robbery, which is "the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another, by force or intimidation, without the consent of the owner." We have no difficulty in deciding that this, under the facts, is not a case of robbery. Section 177 of the Penal Code, referring to larceny from the person, the general definition of which is given in the preceding section, says: "Any sort of secret, sudden, or wrongful taking from the person, with the intent to steal, without using intimidation, or open force and violence, shall be within this class of larceny, though some small force be used by the thief to possess himself of the property: *Provided*, there be no resistance by the owner, or injury to his person, and all the circumstances of the case show that the thing was taken, not so much against as without the consent of the owner." The facts of this case bring it clearly within the provisions of this section. The accused, without using any intimidation, suddenly snatched the purse from the hand of Mrs. O'Connor, and ran off with it. There was no injury to her person, nor any resistance or struggle to prevent him from taking the purse. All the circumstances of the case show that the purse was taken not so much against as without her consent. The charge of the court was erroneous, because, under the hypothetical case stated by the court, without more, the offense would not be robbery, but would be larceny from the person, under the provisions of the last-quoted section of the Penal Code.

In *Fannin's* case, 66 *Ga.* 167, the accused slipped his hand into a lady's outside pocket and furtively took therefrom a purse of money. Before he got the purse entirely out, she felt

the hand and tried to seize it, but the thief had succeeded and the purse was gone. In the effort of the thief to extract his hand and the purse the pocket was torn. She rushed upon him ‚and caught him by the coat, which, in his struggle to escape, was left, torn, in her possession. It was held that the offense was larceny from the person and not robbery, because there was no force or intimidation in the act. Counsel for the State strongly relies upon *Burke's* case, 74 *Ga.* 372, contending that the facts there and those in the case at bar are substantially the same. But there is evidently not a full statement of the facts in that case, as it is reported in 74 *Ga.*; for it does not appear in such report that the owner of the money taken by Burke made any resistance, but simply that the accused grabbed four dollars from his hand and ran, that the owner called after him, etc. Yet the headnote, which is sound law, is as follows: "Where before the felonious taking of money by one person from another the latter makes resistance and the taking is not only without his consent but against it, the crime is robbery, not larceny from the person." The record of the case is not at hand, but the recorded opinion of Mr. Justice Hall is as follows: "The question made in this case is, that the defendant, who was convicted of robbery, was, under the evidence adduced on the trial, guilty of nothing more than larceny from the person. Both the judge and the jury who tried the case were of a different opinion; and if the testimony is to be credited, their conclusion seems to be supported. It is insisted that this was a secret, sudden, and wrongful taking by the defendant of the prosecutor's money, privately and without his knowledge, from his person, and that the theft was unaccompanied either by force or intimidation, one or the other of which is essential to constitute the offense of robbery. Code, §§ 4389, 4410, 4412. According to the last-cited section of the code, however, where there is 'resistance' by the prosecutor and 'all the circumstances of the case show that the thing was taken against his consent,' this constitutes the force contemplated by the law defining robbery as one of its ruling elements. 'If there is a struggle to retain the possession of the property before it is taken, it is the force of our Penal Code.'

*Long's* case, 12 *Ga.* 294; *Fannin's* case, 66 *Ga.* 167. If there be '*resistance*' before the felonious taking is complete, and that taking be against, not simply without, the owner's consent, this too, under our code, is robbery, and is one of the decisive tests distinguishing it from larceny from the person. There was in this case evidence both of 'resistance' by the owner and of a struggle between him and the defendant before the money was snatched from his person and carried away by defendant." This last sentence in the opinion in *Burke's* case, alone, shows the difference between the facts in that case and those in the case which we are now considering.

In *Doyle's* case, 77 *Ga.* 513, the prosecutor agreed to treat the accused to a drink, and took out his pocketbook to pay for it. He had the book in one hand and in the other a rubber strap which he had taken from around it. In the pocketbook was a five-dollar bill with one end sticking out. The accused extracted it from the book with a quick jerk and passed it to a confederate, who made off with it. There was no struggle and no threat; the accused merely snatched or jerked the money from the pocketbook, which the prosecutor held in his hand. It was held that these facts did not constitute the offense of robbery, and the ruling was put on *Burke's* case, supra. Mr. Justice Hall, who also delivered the opinion in that case, said that, in view of the fact that almost every community is infested with thieves who throw unsuspecting persons off their guard and snatch money or other valuables from their persons, the court unanimously recommended to the General Assembly that such offense be made robbery. .

Counsel for the State also cites *Usom's* case, 97 *Ga.* 194; but in that case there was evidence both of resistance by the owner of the satchel, and of a struggle between her and the accused, before it was pulled from her hand; and the case is directly in line with those which we have cited above.

The distinction between robbery and larceny from the person, pointed out in our Penal Code and the decisions of this court above referred to, is one that is generally recognized. "Snatching, which is a sufficient asportation in simple larceny, carries with it or not the added violence of robbery according

as it is met or not by resistance." 2 Bish. New Cr. L. § 1167, and cases cited. See Clarke's Crim. Law, 285. "The mere snatching a thing from the hands or person of another, without any struggle or resistance by the owner, or any force or violence on the part of the thief, does not amount to robbery." 21 Am. & Eng. Enc. L. 420, and cases cited in note 5. "With respect to the degree of actual 'violence' where the taking is effected by that means, it appears to be well settled that a sudden snatching from a person unawares is not sufficient." 2 Russ. Cr. (6 ed.) 88.

*Judgment reversed.    All the Justices concurring.*