## JACKSON *v.* THE STATE.

Though a valuable article in proximity to and under the protection of its owner is constructively upon his person, suddenly snatching it up and carrying it away with intent to steal it is not robbery when there is no intimidation of the owner for the purpose of getting possession and no resistance by him to the act of taking. This is none the less true when the article thus taken is a weapon, or capable of being used as such, and the wrong-doer, after taking it, therewith intimidates the owner in order to effect an escape.

Submitted February 17, —Decided March 10, 1902.

Indictment for robbery. Before Judge Brinson. Richmond superior court. December 27, 1901.

*C. A. Picquet*, for plaintiff in error.

*J. S. Reynolds, solicitor-general,* contra.

LUMPKIN, P. J. The evidence in this case warranted a finding of the following facts: Jackson, the plaintiff in error, entered the residence of Cadle, ostensibly for the purpose of purchasing a watch, and examined several which were exhibited to him. It was then discovered by Cadle and his wife that one of the watches was missing. After ascertaining this fact, Cadle, who was a cripple, presented a pistol at Jackson, and Mrs. Cadle began a search of his person for the missing watch. Cadle laid the pistol on the bed and himself undertook to ascertain if Jackson had the watch concealed upon his person. Thereupon the latter suddenly picked up the pistol, pointed it at Cadle and his wife, and in this manner effected his escape. They were taken utterly by surprise when Jackson "grabbed the pistol," for "it was done so quick [they] couldn't hardly say nothing,"—as was stated by Mrs. Cadle in her testimony on the trial. The pistol was not recovered. Jackson was indicted for robbery. The indictment contained two counts. In the first it was charged that the accused did by force and intimidation take from the person of Cadle a described watch, with intent to steal the same. The charge in the second count was that by force and intimidation the accused took from the person of Cadle a certain pistol, with intent to steal the same. The jury returned a verdict finding the accused "guilty of robbery by force, on second count." The case is here upon a bill of exceptions assigning error upon the refusal of the court below to grant a new trial, and turns upon the question whether or not the conviction can lawfully stand upon the state of facts outlined above. We are of the opinion that it can not.

It is undoubtedly well settled that the meaning of the phrase, "from the person of another," embraced in the definition of robbery set forth in the Penal Code, § 151, is, "not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection, that will suffice." See *Clements* v. *State*, 84 *Ga.* 660, 665, and authorities cited. If, therefore, while the pistol was lying on the bed in close proximity to the person of Cadle, he had been put in fear by Jackson, and while under the influence of this fear and being thus rendered incapable of resisting the taking of the pistol by Jackson, the latter had seized it and carried it away with intent to steal the same, he would have been guilty of robbery by intimidation; for, in legal contemplation, the pistol, under such circumstances, would by intimidation have been taken from the person of Cadle. The present conviction can not, however, stand upon this theory. In the first place, it does not appear that Jackson obtained possession of the pistol by intimidating Cadle; and in the second place, the verdict does not find that Jackson did so. In order, then, to uphold this verdict, it would be necessary for us to decide, as we do not feel authorized to do, that there was testimony showing that Jackson took the pistol animo furandi and by force. There was no evidence that he resorted to any force whatever in getting possession of the pistol. It will, of course, be understood that we here use the word "force" in the sense in which it is employed in the definition of robbery. There was no struggle over the pistol between the accused and Cadle. On the contrary, it seems clear that Jackson merely picked up the pistol, deftly and suddenly, and walked off with it, covering his retreat by a show of force in presenting the pistol at Cadle and his wife with a view to deterring them from attempting to recover the same or to give pursuit. The case therefore falls squarely within the principle laid down in *Spencer* v. *State*, 106 *Ga.* 692, in which it was held that: "Suddenly snatching a purse, with intent to steal the same, from the hand of another, without using intimidation, and where there is no resistance by the owner or injury to his person, does not constitute robbery." The opinion of Mr. Justice Fish filed in that case presents an elaborate discussion of the question under consideration, and a number of pertinent authorities are cited in support of the ruling therein announced.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*