## SMITH *v.* THE STATE.

Where a purse secured by a steel chain wrapped around the owner's finger is suddenly snatched by one intending to steal the same, and the force used is sufficient to break the chain and injure the owner's finger, the offense is robbery, and not larceny from the person.

Argued February 17,—Decided March 13, 1903.

Indictment for robbery. Before Judge Roan. Fulton superior court. November 21, 1902.

The accused was found guilty of robbery, and moved for a new trial on the grounds that the verdict was contrary to law and the evidence. The motion was overruled, and he excepted. The material parts of the testimony of the only witness are as follows: "I had my pocket-book fastened around my finger, holding it in that way, . . and that lady there was next to me. . . I had been down town on a shopping tour, and at the corner of Church and Fairlie streets . . she called to me to look out, and as she did he [the accused] grabbed the purse and broke the clasp. He jerked it once. He jerked it hard, and it came off, and he got it. He broke the chain, for I had the chain around this finger, and he jerked it so hard he hurt my finger and liked to have broken it. He got it so quick I did not know what was going on. I must have had a pretty tight grip on it, because I had it that way, and the chain was broken, and he broke the chain. He must have used force when he grabbed it, the way I held it. I did not see him

when he first grabbed it, but I saw him when he got it.　I did not make any resistance, because I could not.　I would if I had seen him do it.　The broken part of the chain was not left in my possession. He got the whole thing.　That was in this county."

Frank R. Walker, for plaintiff in error.

C. D. Hill, solicitor-general, contra.

LAMAR, J.　The defendant offered to plead guilty of the offense of larceny from the person, contending that, under the decisions of this court in Fannin v. State, 66 Ga. 167, and Spencer v. State, 106 Ga. 692, he could not properly be convicted of robbery.　A comparison of these two cases with the common-law authorities and the Penal Code may be instructive, as the question presented by this record is one of constant recurrence.　In the Fannin case it appeared "that the defendant slipped his hand into a lady's outside pocket and furtively took therefrom a purse of money.　Before he got the purse entirely out, she felt the hand and tried to seize it, but the thief had succeeded and the purse was gone.　In extracting hand and purse the pocket was torn, and when the lady turned she saw the thief looking unconcernedly at the houses on Whitehall street.　She rushed upon him and caught him by the coat, which, in his struggle to escape, was torn and left in her possession."　It was there held that "The criminal deed was consummated when the purse was taken from the lady."　The fact that the pocket was torn in the effort to get the furtive hand out was not sufficient to show such open force and violence as to make the crime robbery.　The attempt and intent were private ; his purpose was to take the purse privately and without her knowledge.　The pocket was torn in the effort to escape, rather than as a means of effecting the crime.　In the Spencer case a lady was holding her purse loosely, when her attention was diverted by the thief, who suddenly snatched the purse from her hand, without intimidation, and without resistance on her part or injury of any sort to her person.　According to Jones v. Commonwealth (Ky.), 57 L. R. A. 432, even this was robbery.　Robbery is defined in our Penal Code, § 151, as "the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner."　And "any sort of secret, sudden, or wrongful taking from the person with the

intent to steal, without using intimidation or open force and violence, shall be " larceny from the person, " though some small force be used by the thief to possess himself of the property : provided, there be no resistance by the owner, or injury to his person, and all the circumstances of the case show that the thing was taken not so much against as without the consent of the owner." Penal Code, § 177. . Where a purse is held in the hand ever so lightly, some force must be exerted in order to snatch it from the owner, and some force must be used in order to withdraw a purse from the pocket ; and it is this slight force that is referred to in the Penal Code, § 177.   Anything beyond this slight and necessary exertion puts the offense in the domain of robbery.   If the article is attached to the person or to the clothes so as to create resistance, and in spite thereof the article is taken, the element of force is present, and the offense of robbery is committed, if the other facts concur.

A brief review of leading cases from other jurisdictions where the common law has been applied may serve to illustrate the meaning of force and violence as an element of robbery.   In Rex *v.* Lapier, discussed in 2 East, P. C. 557 (s. c. 1 Leach, C. C. 320), the force and violence were held to be sufficient to constitute the crime of robbery, where an earring was snatched from the ear of a lady so that it bled.   In Rex *v.* Moore, " to snatch a diamond pin from the headdress of a lady with such force as to remove it, with part of the hair, from the place in which it was fixed " was held to be " a sufficient violence to constitute robbery."   1 Leach, C. C. 335.   Rex *v.* Mason, 1 Leach, C. C. 418, was a case where the accused " laid violent hold of the seals and chain of the prosecutor's gold watch, and succeeded in pulling the watch out of his fob.   The watch was fastened by a steel chain, which went round his neck, and which prevented the prisoner from immediately taking the watch ; but by *pulling and two or three jerks* he broke the steel chain, and then made off with the watch."   It was there ruled that " snatching an article from a man will constitute robbery, if it is so attached to his person or clothes as to afford resistance ; " that while there was no injury to the person, as in Lapier's case, yet, as force was necessary to separate from the person the thing stolen, it was robbery.   It appeared in State *v.* Broderick, 59 Mo. 318, " that defendant, coming unexpectedly upon the prosecutor,

snatched his watch-chain with such violence as to tear it away from the button-hole." The force and violence used were held sufficient to characterize the crime as robbery. So in State *v.* McCune, 5 R. I. 1, where the prisoner, while walking in the street by night with a stranger, for the pretended purpose of guiding him to a livery-stable, suddenly seized the watch of the stranger, which was in his pocket, with violence enough to break a silk ribbon watch-guard, half an inch wide, about his neck, exclaiming, " I will have your watch," it was held to be robbery, though the person robbed could not swear that he feared anything except the loss of his watch. For a very full treatment of the subject see Jones *v.* Com., 57 L. R. A. 432, and note. In the present case the evidence shows that the article was so attached as to afford considerable resistance; the violence necessary to secure the purse was sufficient to break a steel chain, and inflicted injury on the person robbed. Here there was open force and violence, resistance by the owner, and injury to the person; so that it could not have been merely larceny from the person, but was robbery. The verdict was right.

*Judgment affirmed. By five Justices.*