MORAN v. THE STATE.

1. The evidence amply warranted the verdict convicting the accused of robbery by force.
2. No sufficient reason has been shown for reversing the judgment

Argued February 20,—Decided March 22, 1906.

Indictment for robbery. Before Judge Mitchell. Lowndes superior court. January 5, 1906.

The indictment contained two counts, one charging Frank Moran with wrongfully, fraudulently, and violently taking by force a described pocket-book, and the other charging him with suddenly snatching and taking away the pocket-book. It appeared, from the

evidence, that two men, one of whom was the accused, approached one John King, on the platform of a train, and, under pretense of assisting him across from one car to another, caught hold of each arm, forced his hand out of his pocket where he carried his pocket-book, took the pocket-book, and then jumped off the train. King did not know of the theft until after the men had released him. The jury found the accused guilty. His motion for a new trial was overruled, and he excepted.

*G. A. Whitaker,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.

COBB, P. J. (After stating the foregoing facts.) It is contended that the evidence is not sufficient to sustain a verdict for robbery in any form, and at most shows the accused guilty of larceny from the person. In our opinion, the verdict is amply sustained, under that count in the indictment which charged robbery by force. The element of force, which was necessary to constitute a robbery, was present. The hand of the owner of the pocket-book was pulled out of his pocket, where the pocket-book was kept. See *Smith* v. *State,* 117 *Ga.* 320, and cit. It avails the accused nothing if the person robbed makes no resistance, or is even unconscious at the time that a robbery is being perpetrated. The victim of a sand-bag may be stripped while unconscious from the blow. It is not necessary to show a suggestion of force or violence on the part of the person robbed. The force which differentiates robbery from larceny from the person is the force employed by the criminal. It is the act which is supposed to evidence a bolder lawbreaker than a sneak thief. Yet the robbery may be fraudulent, and the force employed be covered by an apparently proper and harmless act, as in the present case, where the force was used in rendering the person robbed helpless to protect his property, although he believed, at the time, that this force was employed for the purpose of assisting him across the platform. It is force of this character which, used under such circumstances, raises the offense above that of larceny from the person. Cunning, fraud, and deceit, which may be present in cases of larceny from the person, appear in this transaction, but there is also another element,—force, which stamps the act as robbery rather than larceny. The ruling in *Long v. State,* 12 *Ga.* 320 (9), is that "force implies actual personal violence, a struggle and a personal outrage." Force implies the elements so enumerated,

and they constitute the force necessary to complete the offense of robbery. While in the present case there was no struggle, there was personal violence, and a personal outrage, within the meaning of the law. It is true that resistance by the person robbed has been said to be one of the decisive tests distinguishing robbery from larceny from the person. See *Spencer* v. *State,* 106 *Ga.* 695, and cit. But this test seems to have been applied in only those cases where the person was deprived of his property by a snatching.

There was a general verdict of guilty, which will be applied to that count in the indictment which charged robbery by force; and as there was ample evidence to authorize the verdict on this count, there was no error in overruling the motion for a new trial so far as the general grounds were concerned. The only special ground of the motion complained of the admission of evidence; and as the evidence admitted is not set forth anywhere in the motion, this ground will not be considered.

*Judgment affirmed. All the Justices concur.*