### 159. HARRIS v. THE STATE.

1. Under section 151 of the Penal Code, there are two grades of the crime of robbery,—one by force, and one by intimidation; and both grades may be charged in the same indictment, either in one count or in separate counts. *Long* v. *State,* 12 *Ga.* 293; *Lampkin* v. *State,* 87 *Ga.* 516.

2. Where the evidence showed that a certain named person was robbed of his money by the joint acts of two men, one of the men, at the point of a pistol, requiring the person so robbed to stand and hold up his hands, while the other held him, searched his pockets, and took the money therefrom, these facts made both men guilty of both grades of the crime of robbery, and a verdict of guilty on said indictment generally is not contrary to the evidence or to the law because such verdict was a finding of guilty of the highest grade of the offense, to wit, robbery by force, the facts, as it was claimed, making only the lower grade, or robbery by intimidation.

3. The charge of the court on the subject of the impeachment of a witness is in accordance with repeated decisions of the Supreme Court of this State, notably that in the case of *Powell* v. *State,* 101 *Ga.* 10.

4. While the courts in this State in all criminal cases must charge the law of reasonable doubt, they are not required to repeat such charge specifically as to every proposition that may arise in a case; and a charge in appropriate terms on the subject of reasonable doubt upon the whole case is sufficient.

5. The evidence fully warranted the verdict, and the judgment overruling the motion for a new trial was right.

Indictment for robbery, from Bibb superior court—Judge Felton. December 31, 1906.

Argued January 28,—Decided February 4, 1907.

*John R. Cooper, Glawson & Fowler,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

HILL, C. J.  The plaintiff in error was indicted for the offense of robbery, the indictment charging that he did commit said offense by "force and intimidation."  On the trial of the case the jury found a verdict of guilty generally..  A motion was made for a new trial, on the usual grounds and on two special exceptions made to the charge of the court.  This motion was overruled, and the case is before this court on an assignment of error to the judgment of the court overruling the motion for a new trial.

1. The facts in the record show that the defendant, acting jointly with another man, made an assault upon the person of the party robbed, the defendant holding him, searching his pockets, and taking therefrom $22 of his money, while his confederate forced him, at the point of a pistol, to stand still and hold up his hands.  Under these facts each one of the robbers was guilty of both grades of the crime of robbery.  There was both force and intimidation used in "the wrongful, fraudulent, and violent taking" of the money from the person, without the consent of the owner.  A general verdict of guilty under these facts, on this indictment, included both grades of the offense.  If there was any doubt, under the evidence, as to which grade of the offense the defendant was guilty of, such general verdict would mean that he was found guilty of the highest grade, or robbery by force.  Where the evidence clearly shows that the defendant was guilty of both grades of the offense charged, the effect of the verdict of guilty generally was not material.  The eloquent and earnest counsel for plaintiff in error insists, that the evidence in this case proved only the crime of robbery by intimidation, and that no sufficient force was used in taking the money,—no force amounting to such personal violence as would constitute the offense of robbery by force.  Under similar statutes to the one in our Penal Code, defining robbery, some courts have held that an assault and battery did not constitute the violence necessary to make robbery by force; that there must be some injury to the person, or some struggle to retain possession of the property.  In other words, that the violence must be used to force the victim to part with his property, not only against his will, but in spite of his resistance.  Other decisions hold that in robbery by force the degree of force used is immaterial.  Under the facts of the case now under consideration, however, we think the discussion of what amount of force would be necessary to constitute the offense of

robbery would be unprofitable. We think it can not be seriously questioned that where a person is robbed by the joint acts of two confederates, one forcing him, at the point of a pistol, to stand still and hold up his hands, while the other seizes his person, goes through his pockets and takes his money therefrom, these joint acts are sufficient to constitute the crime of robbery, both by force and by intimidation. *Long* v. *State,* 54 *Ga.* 564; Mahoney *v.* People, 3 Hun (N. Y.), 202; 21 Am. & Eng. Enc. of Law (2d ed.) 997. We therefore hold that the verdict in this case was supported both by the law and the evidence.

The court charged the jury as follows: "When an impeachment of a witness is attempted, it is the jury's duty to look to the testimony of the witnesses by whom the impeachment is attempted, the testimony of the witness sought to be impeached, for the purpose of determining whether there is in point of fact a statement that is really contradictory. A witness is impeached by contradictory statements, if it appears that the witness has made statements that are in point of fact contradictory; and if a witness is successfully impeached, it is the duty of the jury to discard the testimony of that witness altogether, unless corroborated in material particulars by the other facts and circumstances of the case." The foregoing charge is assigned as error for the reason that "if a witness has been successfully impeached, the jury ought to disregard and discard his evidence altogether." This charge of the court is substantially in the language of the Civil Code, §5295; and similar charges have been approved by many decisions of the Supreme Court. See 12 Mich. Enc. Dig. Ga. Rep. 1101.

The court charged the jury as follows: "Now if you believe that to be the truth of the case, believe that these facts are established by the testimony in this case, that this defendant and another person came upon Jones, as set out in the indictment, and that by the presentation of a weapon Jones was robbed of his money, as set out in the indictment, and that it was done violently, by putting him in fear; that the money was then and there upon his person, and they took it wrongfully, fraudulently, and with intent to steal that money from his person, then you would be authorized to find this defendant guilty; and should you find the defendant guilty in this case and conclude not to recommend him to the mercy of the court, the form of that verdict is 'We, the jury, find the defendant

guilty,' and the effect of that verdict would be that the court would have authority to punish the defendant by imprisonment in the penitentiary for a term of not less than two nor longer than twenty years." The error assigned on this charge is: "Because it too strongly states the facts as contended for by the State; and the real vice of the charge is this, that the court did not tell the jury that they had to be satisfied by these facts beyond a reasonable doubt before they would have the right to convict the defendant." There is no merit in this objection. It is the duty of the court, of course, in every criminal case, to charge the law of reasonable doubt, but if such charge is given generally and is applicable to all the facts in the case, this is sufficient. It is not necessary for the court to charge the doctrine of reasonable doubt specifically as to every proposition of the case. *Carr* v. *State, 84 Ga. 256.*

The evidence fully warranted the verdict, no error of law was committed, and the judgment denying the new trial is

*Affirmed.*