### 4713. STORY *v.* THE STATE.

According to the evidence for the State, the accused was guilty of robbery by force; according to his statement, he was innocent of any offense. The jury returned a verdict finding him guilty of robbery by intimidation. *Held,* that since, in any view of the evidence, there is no fact or circumstance which would authorize the conclusion that the prosecutor was deprived of his property by intimidation or putting him in fear of injury to his person, property, or reputation, the verdict was contrary to the evidence and without evidence to support it.

        DECIDED APRIL 16, 1913.

Indictment for robbery; from Coffee superior court—Judge Parker. February 12, 1913.

*Chastain & Henson, W. W. Bennett,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.

RUSSELL, J. The plaintiff in error was convicted of the offense of robbery by intimidation, and with a recommendation that he be punished as for a misdemeanor. It is very plain from the record that he could have been convicted of robbery by force, if the

jury believed the prosecutor, as they had a right to do. The indictment charged that the robbery was committed by force and intimidation; and the accused might have been convicted of robbery by intimidation, if there had been any evidence which would have authorized the conclusion that he effected the alleged robbery by putting the prosecutor in fear of injury to his person, his property, or his reputation; but, so far as we can see, there is not a scintilla of testimony that even squints in that direction. There were only two persons who knew, or could have known, whether there was in fact a robbery on the occasion mentioned, and the circumstances of its commission,—the prosecutor and the defendant; for, according to the prosecutor, no one was present except the defendant and himself, and, according to the defendant, he was not with the prosecuting witness at the time of the alleged robbery. According to the prosecuting witness, the defendant, without any attempt at intimidation, and without giving him any warning whatever, simultaneously grabbed his money and struck him a terrific blow on the head, either with his pistol or with brass knucks, and attempted to run. The prosecutor, so far from being frightened or intimidated, seized the defendant, and, in attempting to hold him, both of them fell out of the buggy in which they were riding, with the prosecutor on top; but the defendant finally extricated himself from the prosecutor's grasp and ran off with the money. There was no statement on the part of the prosecuting witness that he was intimidated or that his money was taken away from him by reason of his being afraid of injury; and, in fact, the circumstances are such as to contradict any such theory. The prosecutor's money was taken by force, and had been taken before he had an opportunity to realize that the occasion was one for alarm.

It is well settled, of course, that robbery by force and robbery by intimidation, being each merely different grades of the same offense, may be joined in the same count, and that the defendant may be convicted of either, according to the proof. *Long* v. *State*, 12 *Ga.* 293; *Fanning* v. *State*, 66 *Ga.* 167; *Lampkin* v. *State*, 87 *Ga.* 516 (13 S. E. 523). It is equally well settled that where the indictment is of this character, and a general verdict of guilty is returned, it will be construed to be a verdict finding the defendant guilty of the graver offense, to wit, robbery by force. *Harris* v. *State*, 1 *Ga. App.* 136 (57 S. E. 937), and citations. However, in all rulings

upon this subject with which we are familiar, it is recognized that proof which may support a conviction of robbery by force will not support one of robbery by intimidation; and that while certain proof may be sufficient to authorize conviction of robbery by intimidation, it would not warrant a conviction of robbery by force.   There are numerous authorities in which convictions of robbery by intimidation have been sustained, where money or other valuable goods were extorted from the injured party merely by creating in his mind the apprehension that his reputation would be injured and his good name scandalized or destroyed, when there was not the slightest intimation that even the smallest modicum of physical force would be employed.   In the *Harris* case, supra, the verdict of guilty was sustained by this court upon the well-settled principle that, though one of the defendants might be said, so far as his individual act was concerned, to be guilty of robbery by intimidation in holding up his victim with a pistol, still, being present and participating in the actual taking of the prosecutor's money, he participated in and was chargeable with all of the force used by his codefendant.   Both were principals, and, upon this well-settled principle, each of the robbers was chargeable with all of the acts of the other; and so we held that it mattered not which may have intimidated the prosecutor, or which one took from him his money by force, and that "where the evidence clearly shows that the defendant was guilty of both grades of the offense charged, the effect of the verdict of guilty generally was not material."   In the present case, however, since there was no evidence that the prosecutor was put in fear of any kind, a verdict finding the accused guilty of robbery by intimidation was clearly contrary to the evidence and without evidence to support it, and should have been set aside.

This ruling disposes also of the various exceptions to instructions of the court upon the subject of robbery by intimidation.   In the state of the record, the trial judge should not have referred to robbery by intimidation, or to the penalty attaching to one convicted of that offense.   The only issue presented by the evidence was whether the defendant was guilty of the offense of robbery by force. *Jacques* v. *State,* 111 *Ga.* 836 (36 S. E. 104).

It is not necessary to rule upon the assignment of error relating

to the alleged newly discovered testimony, since this testimony, if admissible, can be considered by the jury upon the new trial which we feel constrained to order.                *Judgment reversed.*