## 10387.   BARKSDALE v. THE STATE.

STEPHENS, J.   1.   Where one is indicted for the offense of robbery by force as well as by intimidation, a general verdict of guilty will be applied to the count in the indictment charging robbery by force, since the latter is the higher grade of the offense. *Moran* v. *State*, 125 *Ga.* 33 (53 S. E. 806).

2.   "Force," in the sense in which it is used in defining the offense of robbery, consists in personal violence or that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight. 2 Bishop's Criminal Law, § 1167. In the absence of any evidence of such "force," the verdict finding the defendant guilty of robbery by force is without evidence to support it.

3.   Evidence that the defendant held a pistol in a threatening and intimidating manner over the victim of an alleged robbery, while his confederates ran their hands through the pockets of the victim, and without violence relieved the latter of his money and other loose valuables unattached to the person or clothing, authorizes a conviction of robbery by intimidation, but not of robbery by force, the robbery having been accomplished without "force." See *Tanner* v. *State*, post, 132 (100 S. E. 44)

4.   The assignment of error upon an excerpt from the charge of the court, contained in the only ground of the amendment to the motion for a new trial, is without merit.

5.   The verdict is without evidence to support it, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JULY 22, 1919.

Indictment for robbery; from Fulton superior court—Judge Humphries. February 15, 1919.

*Fred E. Harrison, H. A. Allen, W. I. Heyward,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.