10549.   TANNER *et al.* v. THE STATE.

1. Where an indictment charges robbery by force and robbery by intimidation, and a general verdict of guilty is returned, it will be construed as a verdict finding defendant guilty of the graver offense, robbery by force.
2. "Actual force, in our definition of robbery, implies personal violence. If there is any injury done to the person, or if there is a struggle to retain possession of the property, before it is taken, it is the force of our Penal Code."
(*a*) "Intimidation, in our Code, is the same with 'putting in fear' at common law, and is constructive force."

DECIDED JULY 22, 1919.

Indictment for robbery; from Fulton superior court—Judge Humphries. April 12, 1919.

*H. A. Allen, W. L. Heyward, E. G. Bentley, W. C. Cousins,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. The evidence in this case shows that the accused, Tanner and Washington, conspired to rob Smith, and, with no one else except the three present, Washington put a pistol "right in" the face of Smith, commanded him to hold up his hands, and, while his hands were up, Tanner, without the consent

of Smith, put his hands in the pockets of Smith and took there-from money belonging to Smith. The indictment charged Tanner and Washington with robbery "by force and intimidation." There was a general verdict of guilty. A motion for a new trial was overruled, and the movants excepted. It was insisted that this verdict should be "construed as a verdict finding the defendants guilty of the graver offense, to wit, robbery by force," and "that this verdict was not supported by the evidence, and was, there-fore, contrary to law."

1. We agree with both of these contentions. In *Moran* v. *State,* 125 *Ga.* 35 (53 S. E. 806), the Supreme Court said: "There was a general verdict of guilty, which would be applied to that count in the indictment which charged robbery by force." In *Story* v. *State,* 12 *Ga. App.* 644 (77 S. E. 914), this court said (p. 645): "It is well settled, of course, that robbery by force and robbery by intimidation, being each merely different grades of the same offense, may be joined in the same count, and that the defendant may be convicted of either, according to the proof. *Long* v. *State,* 12 *Ga.* 293; *Fanning* v. *State,* 66 *Ga.* 167; *Lampkin* v. *State,* 87 *Ga.* 516 (13 S. E. 523). It is equally well settled that where the in-dictment is of this character, and a general verdict of guilty is returned, it will be construed to be a verdict finding the defendant guilty of the graver offense, to wit, robbery by force. *Harris* v. *State,* 1 *Ga. App.* 136 (57 S. E. 937), and citations." These decisions settle the first insistence of the plaintiffs in error.

2. Is there any evidence to show robbery by force? No. The salient facts of the case are set out above. These facts show the "intimidation," but not the "force" contemplated by our statute. Judge Powell, speaking for this court in *Johnson* v. *State,* 1 *Ga. App.* 730 (57 S. E. 1056), said: "The 'force' in our definition is the same as the 'violence' of the common-law definition; and the 'intimidation' in ours is synonomous with the 'putting in fear' in the common law." The 9th and 10th headnotes of the decision in the case of *Long* v. *State,* 12 *Ga.* 294, are as follows: (9) "Actual *force,* in our definition of robbery, implies personal violence. If there is any injury done to the person, or if there is a struggle to retain possession of the property, before it is taken, it is the force of our Penal Code." (10) "*Intimidation,* in our Code, is the same with 'putting in fear' at common law, and is con-

structive force. When a party is put in fear of an injury to his person or his property, or to his character, by a charge of an unnatural crime, it is robbery by intimidation." The 12th headnote in that case is as follows: "If the transaction be attended with such circumstances of terror, such threatening, by word or gesture, as in common experience are likely to create an apprehension of danger, and to induce a man to part with his property for the safety of his person, he is *put in fear* of his person, and it is robbery." It must be borne in mind that "at common law it is held that if property is taken by *either* of these means, against the will of the person, such taking will be robbery. At common law, therefore, there was but one offense, and fear was held to be constructive violence." *Long* v. *State*, supra (p. 315). Hence the robbery referred to in the 12th headnote just quoted from the *Long* case would, under our law, be robbery by intimidation. In discussing the definition of robbery in our code, Judge Nisbet in that case (pp. 314, 315) said: "Does the Code make two offenses? We think not; but creates one offence, to wit: robbery, and makes two grades of that offence. One robbery by *force,* which is the highest grade, and punishable with the longest term of imprisonment in the penitentiary; and the other robbery by *intimidation,* which is the lower grade, and punished with a shorter term of imprisonment. It defines robbery thus: 'robbery is the wrongful, fraudulent and violent taking of money, goods or chattels, from the person of another, by force or intimidation, without the consent of the owner.' Prince, 678. The offence is single; and it is robbery if committed by *force,* and not the less robbery when perpetrated by *intimidation. Force* is the ruling element in the offence. When the Code speaks of force, it means *actual* violence; and when it speaks of *intimidation,* it still means force; not actual and direct, but exerted upon the person robbed, by operating upon his fears— the fear of injury to his person, or property, or character. The law considers, however, that actual violence is attended with more immediate and serious consequences than violence by intimidation; and therefore it is that a distinction is made in the punishment. The former constitutes *the offence* with greater enormity. The offence, I conclude, is single, for the reason stated, and the element of *force* is necessary to constitute it in either case. It was so considered at common law." The brief of the solicitor-general

in the instant case says: "Ours is the usual case, and exactly like the case of *Harris* v. *State,* 1 *Ga. App.* 136 (2)." The *Harris* case is distinguished from this case by the fact that in that case one of the conspirators, at the point of a pistol, forced the person robbed to stand still and hold up his hands, while the other *seized* him and went through his pockets and took his money. The fact that in the *Harris* case the person robbed was *seized* adds the element of *force* not found in this case. In the *Harris* case the two persons were acting together, and the force of one was the force of the other, as the intimidation by one was intimidation by the other. In that case it was properly held that "These joint acts are sufficient to constitute the crime of robbery both by force and by intimidation." For lack of evidence to show force in this case, the court erred in refusing a new trial. See *Barksdale* v. *State,* ante, 115 (100 S. E. 45).

It is unnecessary to pass specifically on the assignments of error in the amendment to the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Stephens J. concur.*