25448.  THOMAS *v.* THE STATE.

DECIDED DECEMBER 4, 1936.

F. C. Oates, W. B. Mebane, for plaintiff in error.
James F. Kelly, solicitor-general, J. Ralph Rosser, contra.

MacINTYRE, J.  The second question certified to the Supreme Court in *Rutherford* v. *State,* 183 *Ga.* 301 (187 S. E. 442), was answered as follows: "The decision in *Sledge* v. *State,* supra, is authority, however, for the proposition that 'an intent to steal is a substantive element in the commission of the offense of robbery,' and that an *instruction* in the language of the Code is not a sufficient definition of the offense, for the guidance of the jury. This point was directly involved in the *Sledge* case, and to that extent the decision *is* binding. Since the ruling was concurred in by all

748

the Justices, it is binding not only upon the Court of Appeals, but also upon this court so long as it is not overruled in the manner prescribed by law. See also *Crawford* v. *State,* 90 *Ga.* 701 (17 S. E. 628, 35 Am. St. R. 242). We therefore answer the second question by stating that the language of the Code is not a sufficient definition of the offense, in a charge to the jury. Whether or not a failure to charge in specific terms regarding an intent to steal may be held reversible error, will depend upon the circumstances of the particular case, including the issues developed by the evidence, and the defendant's statement, if any." In the instant case the judge in his charge defined robbery in the exact language of Code, § 26-2501. This was not a sufficient definition for the guidance of the jury, for an intent to steal is a substantive element in the commission of this offense. However, one of the defenses of the defendant was an alibi, and neither the evidence nor the defendant's statement developed any issue or contention that the taking was under a bona fide claim of right or was without any intent to steal. Therefore we can not hold, under the circumstances of this particular case, that a failure to charge in specific terms regarding an intent to steal was reversible error. See, in this connection, *Crawford* v. *State,* 90 *Ga.* 701 (17 S. E. 628, 35 Am. St. R. 242). One of the persons alleged to have been robbed testified: "I saw two white men over there, and they stopped me and told me to 'stick 'em up,' and I got out of the car and then one of them said, 'Help the others out of the car,' and I helped my brother out of the car, and Howard Thomas [one of the defendants] held the gun on me, and Leonard Thomas came around on the other side and pulled at the trigger of his gun and put the gun here [indicating], and then he went through my pockets and got my money, and also Howard Thomas held a flashlight at me, and Leonard Thomas took my money." This witness on cross-examination testified: "The fellow who had the other gun had it right against me and was punching it in my ribs when the hammer was back, and I don't know whether he had his finger on the trigger or not while the gun was in my ribs, as I was not watching the trigger."

We think this case comes within the rule stated thus in *Harris* v. *State,* 1 *Ga. App.* 136 (2) (57 S. E. 937): "Where the evidence showed that a certain named person was robbed of his money

by the joint acts of two men, one of the men, at the point of a pistol, requiring the person so robbed to stand and hold up his hands, while the other held him, searched his pockets, and took the money therefrom, these facts made both men guilty of both grades of the crime of robbery, and a verdict of guilty on said indictment generally is not contrary to the evidence or to the law because such verdict was a finding of guilty of the highest grade of the offense, to wit, robbery by force, the facts, as it was claimed, making only the lower grade, or robbery by intimidation." See also *Moran* v. *State,* 125 *Ga.* 33 (53 S. E. 805). In short, we think that if the holding of the victim by his arm and searching him with a pistol drawn upon him could be said to be robbery by force, we likewise think that if the pistol was drawn upon the victim and he was being punched in the ribs and then and there searched by a confederate, a conviction of robbery by force could likewise be sustained. We do not think the principle as stated in *Tanner* v. *State,* 24 *Ga. App.* 132 (100 S. E. 44), is applicable in the instant case. The writer of this opinion somewhat doubts the correctness of the rule as laid down in the *Tanner* case. However, this opinion is not based on the incorrectness of that rule. The refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*