33336. MIXON v. THE STATE.

Decided January 25, 1951.

Emanuel Lewis, John J. Sullivan, for plaintiff in error.

Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge, contra.

GARDNER, J. (1) The evidence, so far as the general grounds are concerned, is amply sufficient to sustain the verdict, although some portions of it are in sharp conflict with the evidence of the defendant and his statement. Broome denied what officer Thornton stated Broome told him. He denied that he had made any confession at all to either Thornton or Bass, or to anyone else and stated that he had no connection with either of the robberies and had several witnesses to testify that he had denied it to them. Counsel for the defendant does not argue the general grounds and does not contend that the evidence is insufficient to sustain the verdict, although he does not admit that it is.

(2) There are two special grounds: 1. Because of the admission, over objection of counsel, of evidence which was injected into the trial of the case by the solicitor-general for the purpose of introducing into evidence the character of the defendant when it had not been put into issue. The solicitor propounded to Jack Cox, a witness for the defendant, on cross-examination, the question "When did you first meet movant?" The jury was excluded upon motion of counsel for the defendant and the solicitor explained that he wanted the evidence in the records for the purpose of impeaching Cox as to where the defendant was at certain periods of time. In this connection the witness, Cox, responded that he first met movant when "one Clark was trying to get Mixon out of the 'pen.' " Whereupon the court ruled that, in his opinion, the evidence was admissible for other purposes under the record of the case. The judge, in passing on this ground, stated that, in his opinion, under the record, the evidence was relevant for certain purposes and he would not exclude it because it incidentally showed that at the time the witness, Cox, became acquainted with the defendant, the defendant was in the "pen." In McClung v. State, 206 Ga.

421 (1) (57 S. E. 2d, 559), the Supreme Court said: "Where evidence is relevant, for the purpose of showing flight or to explain conduct and ascertain motives, it will not be excluded because it incidentally shows the commission of another crime." In *Gossett* v. *State,* 203 *Ga.* 692 (3-a) (48 S. E. 2d, 71), the Supreme Court said: "Evidence of the commission of one crime is not admissible on the trial of the defendant for another crime, where the sole purpose is to show that the defendant is guilty of such other crime." See also *Farlow* v. *State,* 59 *Ga. App.* 881 (2 S. E. 2d, 500). Under the record of this case the assignment of error in this special ground does not require a reversal.

2. The second special ground complains of an argument made by the solicitor-general to the effect that "He [meaning the defendant] was going around with a pistol." Counsel for the defendant objected to this on the grounds that there was no evidence that the defendant was carrying the pistol, whereupon the solicitor-general stated, "If I said he was carrying a pistol, then I withdraw it. It was his pistol." The judge stated that he could not pass on the evidence, but if there was no evidence to sustain the statement made by the solicitor, the jury should disregard it. The evidence showed that the pistol used in the Comet Filling Station robbery and in the other station robbery was the pistol of the defendant, and he so admitted this to the officers. This special ground is without merit.

The court did not err in overruling the assignments of error in these special grounds.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*