HENDERSON *v*. THE STATE.

No. 17839. Argued April 15, 1952—Decided May 12, 1952.

*Leon A. Wilson II* and *John E. Owens,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hugh C. Carney, Assistant Attorney-General, J. R. Walker, Solicitor-General,* and *Kopp & Peavey,* contra.

Wyatt, Justice. ▮ The only question presented in so far as the general grounds are concerned is whether or not the evidence was sufficient to sustain a conviction of robbery by open force and violence. It is conceded by counsel for the plaintiff in error that the evidence was sufficient to sustain a conviction of robbery by intimidation.

The evidence, in so far as it illustrates the question here involved, was in substance to the effect that in the late afternoon, the family of Mr. and Mrs. David Lyle were seated at the table eating a meal when the plaintiff in error suddenly appeared in the door of the room with a pistol in his hand pointed at Mr. Lyle, and demanded that Lyle turn over to him his money. Mr. Lyle threw his pocketbook to the accused, who opened it and found no money. He then demanded that Mrs. Lyle throw him a piece of cake from the table, which she did. He picked up from a dresser a purse that likewise contained no money. He then ordered Mr. and Mrs. Lyle out of the house, continuing to hold the pistol on Mr. Lyle, and across a field into the edge of some woods. There he knocked Mrs. Lyle down, shot Mr. Lyle, and attempted to rape Mrs. Lyle, but was frightened away by the approach of an automobile. The property alleged to have been taken by the robbery was the pocketbook which Mr. Lyle threw to the accused.

The law of this State defines robbery as follows: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or

chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof." Code, § 26-2501. Robbery by open force and violence was in 1937 made punishable by death unless the jury recommends mercy. See Code (Ann. Supp.), § 26-2502. The punishment for robbery by intimidation, or without using force and violence, is imprisonment for not less than two nor more than twenty years. Code, § 26-2503.

"Force implies actual personal violence, a struggle and a personal outrage. If there is any injury done to the person, or if there is any struggle by the party to keep possession of the property before it is taken from him, there will be sufficient force or actual violence to constitute robbery. . . *Indimidation* . . is constructive *force*." *Long* v. *State*, 12 *Ga.* 293. "Actual force, in our definition of robbery, implies personal violence. If there is any injury done to the person, or if there is a struggle to retain possession of the property, before it is taken, it is the force of our Penal Code." *Tanner* v. *State*, 24 *Ga. App.* 132 (100 S. E. 44). " 'Force,' in the sense in which it is used in defining the offense of robbery, consists in personal violence or that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight. 2 Bishop's Criminal Law, § 1167. In the absence of any evidence of such 'force,' the verdict finding the defendant guilty of robbery by force is without evidence to support it." *Barksdale* v. *State*, 24 *Ga. App.* 115 (2) (100 S. E. 45).

In the instant case, no force was used in taking the property. The property was delivered by the victim to the accused without any violence or force. The intimidation of a gun pointed at the victim was the cause of his surrendering the property. The robbery charged in the indictment was completed without the use of any force..

Up to this point, it is clear that the robbery was one by intimidation and not by open force and violence. The question is now presented whether the violence and force perpetrated by the accused after the robbery was completed is sufficient to supply

the element of violence and force in the perpetration of the robbery. A mere statement of the question would seem to supply the answer. A necessary element in the commission of a crime can not be supplied by something that happens after the crime has been committed. This court has settled that question in *Jackson* v. *State,* 114 *Ga.* 826 (40 S. E. 1001). There, the defendant suddenly snatched a pistol from a bed without any force or violence in so far as the owner was concerned, the owner being present in the room, and then pointed the pistol at the owner in order to escape. This court held, under these facts, that there could be no conviction of robbery by force or intimidation, because the pointing of the pistol was after possession had been obtained.

It follows, the evidence in this case was not sufficient to support a verdict of robbery by force and violence.

We have not overlooked *Smith* v. *State,* 117 *Ga.* 320 (43 S. E. 736); *Moran* v. *State,* 125 *Ga.* 33 (53 S. E. 806); *Clements* v. *State,* 84 *Ga.* 660 (11 S. E. 505); *Mixon* v. *State,* 83 *Ga. App.* 167 (63 S. E. 2d, 294); and *Crawford* v. *State,* 90 *Ga.* 701 (17 S. E. 628). In all of those cases, there was some actual force or violence present in the commission of the crime—little force or violence, it is true, but little force or violence is all that is necessary. There must, however, be some force or violence.

We are also aware of what is said in headnote 2 of *Clements* v. *State,* supra. A reading of the body of the opinion will disclose, however, that the question there decided was whether or not property located in another room, near where the owner was at the time of the robbery, was sufficient to meet the requirement that the property must be taken from the possession of the owner.

■ Special ground 4 complains because, over timely objection, the plaintiff in error's landlady testified that the defendant owned three guns while he lived in her home, a German Luger, a small automatic, and a long-barreled gun. Mrs. Lyle testified that the gun which the accused had at the time of the robbery was "a .32 pistol. It was nickel plated. I know it was a .32." Testimony to the effect that the defendant owned other guns, entirely different from the one in his possession at the time of the robbery, could not possibly illustrate any issue in this case, and should have been excluded.

76

■ Special ground 5 complains because the Chief of Police of Douglas, Georgia, over timely objection, was permitted to testify in substance that he questioned the accused after arrest, and that the accused admitted that he had committed several burglaries in Douglas, Georgia, between March 16 and 21; that he had killed a bloodhound on his trail; and that the accused had been indicted for these offenses in Coffee County. Ground 6 complains because an officer of the Georgia Bureau of Investigation was permitted, over timely objection, to testify what the accused had told him about crimes committed in Ware County. Ground 7 complains because the Sheriff of Ware County, over timely objection, was permitted to testify that he questioned the accused on the first day that he was arrested, and that he denied having committed any crime in Ware County, but admitted having committed several crimes in the State of Florida, and having escaped from the Florida Penitentiary, where he was serving life for four felonies, and 105 years for another crime. "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code, § 38-202. See also *Mims* v. *State,* 207 *Ga.* 118 (60 S. E. 2d, 373), and *Allen* v. *State,* 201 *Ga.* 391 (40 S. E. 2d, 144).

We are not unaware of the many exceptions to this rule recognized by many decisions of this court under the doctrine of showing "motive, plan, or scheme." The author of this opinion, speaking for himself only, states that many of these decisions go much further than he is willing to go. We do not think, however, that the evidence here objected to was admissible even under the liberal interpretation of the exceptions to the rule heretofore recognized by this court. The fact that the accused had committed other crimes in other counties and other States, in no way connected with or related to the crime under investigation, should not have been admitted in evidence. None of the crimes proven were robberies. The only ones that involved any element of robbery were burglaries; and the crimes of burglary and robbery are so entirely different that this evidence should not have been admitted. Some of the crimes proven were described only as felonies. To recognize this kind of exception to the prohibition

against putting in evidence the character of the accused unless he first does so, would simply have the effect of destroying the rule itself.

It is contended that this evidence was admissible for the reason that it was a part of a confession made by the defendant. This contention must fall for the reason that these conversations were on dates different from that of the confession, and at a time when the accused was stoutly maintaining his innocence of the crime now under consideration.

It follows, from what has been said above, the judgment complained of was error.

*Judgment reversed.   All the Justices concur.*