### Jones *vs.* The State of Georgia.

1. An indictment which charged the defendant with the murder of one "Hamp Jones" was sufficient, although it may have appeared from the evidence for the defendant on the trial that the deceased was also known as "Hamp Culbreath."
2. Where, in a capital case, the court made a written addition to a request of counsel and then delivered both, the charge was not objectionable on the ground that the court added to his written charge.
3. A charge not warranted by the evidence should not be given.
4. A charge which intimates the opinion of the court on the facts will necessitate a reversal.

Criminal law. Indictment. Charge of Court. Before Judge Hood. Randolph Superior Court. November Adjourned Term, 1878.

To the report contained in the decision it is only necessary to add that the following were among the grounds of the motion for new trial :

(1.) Because the indictment charged the murder of Hamp Jones, and did not state that he was also known as Hamp Culbreath.

(2.) Because the court made an addition to his written charge.

(3.) Because the court charged as follows : "I am of the opinion that a child of five or six years of age has not lived to that age that could acquire a name by reputation. If there is any evidence of baptism by any name ; if so, you can look to it and all the evidence, and if you are satisfied that the deceased, at the time of his death, was known and recognized by the name of Hamp Jones, I charge you that you are authorized to find that as his proper name."

B. S. & W. C. Worrill, for plaintiff in error.

R. N. Ely, attorney-general ; James T. Flewellen, solicitor-general, by A. Hood, Jr., for the state.

WARNER, Chief Justice.

The defendant was indicted for the crime of murder, and on his trial therefor was found guilty, and recommended by the jury to be imprisoned in the penitentiary for life. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled, and the defendant excepted. There are two counts in the indictment·, one charging the defendant with unlawfully killing Hamp Jones, by strangling him with a cord around his neck, and the other charges him with the unlawful killing of the said Hamp Jones by placing him in the fire-place of the dwelling-house of defendant, and burning him to death. The deceased was a child about six years old, and was the son of defendant's wife before he married her. The evidence on the trial was entirely circumstantial

1. The allegation in the indictment charging the defendant with the unlawful killing of Hamp Jones was sufficient, and evidence on the part of the state that he was called by the name of Hamp Jones at the time of his death would sustain that allegation in the absence of any conflicting evidence as to that not being his right name.

2. As to the third ground of error alleged, that the court made an additional charge to its written charge, the facts appear to be that the court gave in charge a written request of defendant with an addition thereto, which addition was in writing on the written request, and opposite thereto, as it appears in the record. There was no error in overruling this ground of alleged error contained in a motion for a new trial.

3. 4. There was a conflict in the evidence as to what was the real name of the deceased whom the defendant was charged with having killed. It was proved on the part of the state that after the marriage of deceased's mother with the defendant he was called Hamp Jones. It was proven on the part of defendant that the deceased's real name was Hamp Culbreath and not Hamp Jones. Upon this

point in the case, the court charged the jury as follows: "I am of the opinion that a child of five or six years of age has not lived to that age that could acquire a name by reputation. If there is any evidence of baptism by any name; if so you can look to it, and all the evidence, and if you are satisfied that the deceased, at the time of his death, was known and recognized by the name of Hamp Jones, I charge you that you are authorized to find that as his proper name." This charge of the court was error upon two grounds: First, that part of it relating to the baptism of deceased by any name, there being no evidence that the deceased was ever baptized by any name whatever, at any time. Second, because the court expressed its opinion upon the evidence, as prohibited by the 3248th section of the Code, and therefore this court has no discretion, but is compelled to reverse the judgment.

Let the judgment of the court below be reversed.