## HAINEY *v.* THE STATE.

1. An indictment charging that an offense was committed upon a named person is, so far as relates to his identity, sufficiently supported by evidence showing that though his real name was different from that stated in the indictment, he was as well known in the community by the one name as by the other.

2. There is in the present case no complaint that any error of law was committed, and the evidence warranted the jury in finding the accused guilty of the offense charged.

Argued May 15,—Decided May 29, 1899.

Indictment for assault with intent to murder. Before Judge Henry. Floyd superior court. January term, 1899.

*W. A. Barnett*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

LUMPKIN, P. J. The indictment charged the accused with having committed an assault with intent to murder upon one Rose Scalf. There was a verdict of guilty, and a motion for a new trial based exclusively upon the general grounds. The bill of exceptions alleges error in overruling this motion. The evidence warranted a finding that the accused committed an assault of the character charged in the indictment, upon a woman whose given name was Rose or Rosa. This woman testified that her name was "Rosa Gilreath," but that she was known as "Rose Scalf." She further testified that she went by

both names; that her maiden name was Rose or Rosa Scalf; that she married a man named Gilreath; and that she was sometimes called by the one name and sometimes by the other. While, during the course of her examination as a witness, she did use the expression, "All of them in Rome called me Gilreath," it is evident from her testimony as a whole, and from other evidence in the case, that even in Rome, the place where the crime was alleged to have been committed, she went indifferently by both names. In this connection it is a significant fact that the accused in her statement before the jury herself alluded to the prosecutrix as "Miss Scalf." The law is well settled that when a person is generally known by two distinct names in the community in which he resides, either may be used in an indictment for the purpose of designating such person as the one upon whom an offense was committed.

*Judgment affirmed. All the Justices concurring.*