### 9576. PITTMAN *v.* THE STATE.

1. The ground of the motion for a new trial which complains that the court illegally withheld from the jury material evidence of a named witness, as to a statement made to him by a person named, is incomplete; and such testimony would have been hearsay and inadmissible.

2. In view of the charge of the court as a whole, the court did not err in giving in charge the first sentence of section 682, and section 1332, of the Penal Code of 1910, pertaining to bastardy.

3. The allegation of the indictment as to the name of the mother of the bastard child was supported by evidence showing that she was known by that name, although she was also known by a different surname.

4. The verdict finding the accused guilty of bastardy was authorized by the evidence.

DECIDED MAY 1, 1918.

Indictment for bastardy; from Haralson superior court—Judge Bartlett. December 18, 1917.

*Lloyd Thomas, G. R. Hutchens,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

HARWELL, J. The plaintiff in error was indicted for bastardy, and was convicted, and, his motion for a new trial being overruled, he excepted.

1. The first special ground of the motion complains that the

court illegally withheld from the jury material evidence of John Bassett, a witness for the defendant, as to a statement made to him by one Will Smith. There is no merit in this ground of the motion. In the first place it does not set out what Will Smith told the witness, and is incomplete for that reason. Furthermore, the statements of Will Smith to the witness would have been hearsay and inadmissible. The court permitted the witness to testify as to alleged acts of sexual intercourse of Will Smith with the prosecutrix, that Will Smith had left, when he left, etc. Compare *Kennedy* v. *State,* 9 *Ga. App.* 219 (2) (70 S. E. 986).

2. The second and third special grounds of the motion complain of certain excerpts from the charge of the court, which are the first part of section 682 and section 1332 of the Penal Code of 1910, pertaining to bastardy. There was no error in giving these sections to the jury. The court elsewhere in the charge correctly submitted to the jury the issues in the case. *Perry* v. *State,* 1 *Ga. App.* 542 (58 S. E. 60); *Martin* v. *Hale,* 136 *Ga.* 228 (2) (71 S. E. 133); *Eagle & Phenix Mills* v. *Herron,* 119 *Ga.* 389 (3) (46 S. E. 405).

3. In the fourth ground of the motion it is contended that the evidence shows that the name of the prosecutrix, the mother of the child, was Anna Edwards, and not Anna Miller as alleged in the indictment, and that for that reason there was such a variance in the allegations and the proof as required a new trial. The testimony of the prosecutrix shows that she married Harry Edwards, and that her name was Anna Edwards, but that she had not seen her husband in about ten years, and that her father's name was Miller. She further testified: "I go by the name of Anna Miller. I have been going by the name of Anna Miller ever since my husband left me. My name is Anna Miller. I am also Anna Edwards. My husband's name was Edwards. Since he left me ten years ago I have been going by Anna Miller." The record shows also that the witnesses for the defendant, in their testimony, referred to the prosecutrix as Anna Miller. It appears therefore that she was known and recognized by the name of Anna Miller; and there is no merit in this ground of the motion. *Jones* v. *State,* 63 *Ga.* 456 (1); *Hainey* v. *State,* 107 *Ga.* 711 (33 S. E. 418); *Wilson* v. *State,* 69 *Ga.* 235; *Johnson* v. *State,* 46 *Ga.* 269;

*McLain* v. *State,* 71 *Ga.* 279 (6); *Jenkins* v. *State,* 4 *Ga. App.* 859 (3) (62 S. E. 574).

4. The able counsel for the plaintiff in error insist that the verdict is not supported by evidence. On the trial the defendant offered the testimony of several witnesses in an effort to show that some one other than the defendant was the father of the child. There was a conflict in the testimony, and the jury determined the issue against the defendant and chose to believe the testimony of the prosecutrix, who testified that the defendant was the father of the child. The trial judge having approved the verdict, this court will not interfere.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*