*Brannen & Booth, Kirkland & Kirkland, F. B. Hunter,* contra.

---

12087. MARTIN *v.* THE STATE.

BLOODWORTH, J. 1. "All evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should not be admitted. A failure to make such objection will be treated as a waiver, and prevent the court, on a motion for a new trial, from inquiring as to the competency of the evidence." *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852). "It is a well established rule of practice that a ground of a motion for new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time objection was made; otherwise no question is raised for determination." *City of Rome* v. *McWilliams,* 145 *Ga.* 191(2) (88 S. E. 931), and cases cited. See also *Atlantic Coast Line Railroad Co.* v. *Stovall-Pace Co.,* 24 *Ga. App.* 248(3), 249(3), and cases cited. Under these rulings no question for determination by this court is raised by the first ground of the amendment to the motion for a new trial.

2. "Prejudicial remarks of the court in the presence and hearing of the jury are not ground for a new trial unless a motion to declare a mistrial on that ground has been made and refused." *Harrison* v. *State*, 20 *Ga. App.* 157(6), 160(6) (92 S. E. 970, 971), and cases cited. This ruling disposes of grounds 2 and 3 of the amendment to the motion for a new trial.

3. It was insisted that the allegata and probata did not agree, because "the indictment alleges the assault to have been made upon 'Beatrice White,' and the proved fact was that the assault was made on Beatrice White Toland." There is no merit in this contention, because the evidence shows that the person alleged to have been assaulted was sometimes called Beatrice White and at other times Beatrice White Toland; and she testified: "I go by both names." *Pittman* v. *State* 22 *Ga. App.* 255(3), 256(3) (95 S. E. 940); *Walker* v. *State*, 14 *Ga. App.* 587 (81 S. E. 797).

4. There was ample evidence to authorize the verdict; it is approved by the presiding judge, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 12, 1921.

Conviction of assault with intent to rape; from Richmond superior court — Judge Henry C. Hammond. December 18, 1920.

The ground referred to in the first divison of the decision was that "the court, upon motion of defendant's counsel, refused to rule out the following testimony of Beatrice White, the prosecutrix: [set out]. Said evidence was prejudicial to the defendant, in that it tended to show that he was seeking a compromise, conscious of his guilt;" it was hearsay, and it impaired defendant's right to have a fair, legal trial.

*C. A. Picquet*, for plaintiff in error.

*A. L. Franklin*, solicitor-general, *John M. Graham*, contra.