20394. McINTYRE *v.* THE STATE.

DECIDED APRIL 15, 1930.

*Wallace & Griffin,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. The indictment charged that Bull McIntyre "did wrongfully, fraudulently and violently, by force and intimidation, take certain money, goods, and chattels, to wit, thirty-five dollars in money of the value of thirty-five dollars, and one chip diamond lady's ring of the value of forty dollars, from the person of *Kelly* Stoffel, the owner thereof, without the consent of him, the said Kelly Stoffel." On conviction the defendant made a motion for a new trial, which was overruled; and he excepts to this judgment.

The 1st special ground of the motion for a new trial alleges error upon the following charge: "I charge you that, under the evidence in these cases, that if the defendants are guilty of any offense, they would be guilty under this section [§ 148], that is, robbery by open force or violence." The evidence amply authorized this charge. The prosecutor testified that the defendant whose case is now under review "grabbed me by my arms and reached in this pocket where I had the money. Bull was holding my arms; had them around the side kinder (indicating), and I was not trying to resist; thought it would do no good. He held my arms sorter back of me this way (indicating), and he reached in this pocket and got the money out; Bull got that money out." The evidence shows that the prosecutor did not resist the force because there were at least two and possibly three against him, and he concluded that resistance would be useless; but the fact that the force was not resisted is by no means conclusive proof that force was not used.

"The element of force which was necessary to constitute a robbery, was present; . . and it avails the accused nothing if the person robbed makes no resistance." *Moran* v. *State,* 125 *Ga.* 33 (53 S. E. 806). Furthermore, since the evidence clearly authorized a charge on robbery by open force or violence, the accused was not harmed by the court's failure to charge on robbery by intimidation. See *Moore* v. *State,* 17 *Ga. App.* 344 (1) (86 S. E. 822); *Yates* v. *State,* 17 *Ga. App.* 313 (86 S. E. 741), and citation.

■ The 2d special ground of the motion for a new trial alleges "that the allegations in the bill of indictment do not charge that the property taken from the prosecutor, if any was taken, was taken with the intent to steal the same;" and that the court did not instruct the jury on this subject. If an indictment is insufficient or defective, it should be attacked by demurrer, and not in a ground of a motion for new trial. . However, the indictment is substantially in the language of the statute (Penal Code, § 148), and the court properly charged the jury in the light of the allegations of the indictment and the evidence.

■ The evidence authorized the verdict, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*