### 21303. ADAMS *v.* THE STATE.

DECIDED MAY 13, 1931.

*A. S. Johnson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. J. P. Adams was convicted of robbery by intimidation. His exception is to the judgment overruling his motion for a new trial, containing the usual general grounds and two other grounds.

J. J. Collins testified : that on a certain street of the City of Atlanta, at about eight o'clock at night, someone whom he could not identify said, "Stick 'em up;" that witness thought it was a joke, and said, "What do you mean ?" That his aggressor said, "I don't mean maybe," and jerked a suit of clothes worth $15 from under his arm, and took his purse from his pocket, and departed; that the purse, containing $21, was dropped nearby and witness recovered it; that the suit of clothes taken from witness was purchased by him from Kibler & Long; and that the suit recovered by witness was the same color and size as the one taken from him, and, to the best of his knowledge, was the same suit. J. E. Smith testified that he worked for Kibler & Long, and sold J. J. Collins the suit of clothes he had seen at police station, the suit being identified by the factory number and an individual store-number. C. E. Retsch swore that he found the suit in question in the defendant's house, and that Collins identified it as his suit; and that when he took it to Kibler & Long they also identified it as Collins' suit. The gist of the pertinent part of the defendant's statement to the jury is that Collins sold the suit in question to him for $7.50. In rebuttal the witness Retsch testified that the defendant told him that

he, defendant, had stolen the clothes from an automobile on Ivy street.

The evidence shows, without contradiction, that Collins was robbed in Fulton county; and the evidence, with the defendant's statement, amply warranted the jury to conclude that the accused was in the recent possession of the clothes taken from Collins. Of course, it was exclusively the province of the jury to determine whether or not the defendant satisfactorily explained his possession of the clothes, and whether or not the possession was sufficiently recent to warrant his conviction. See, in this connection, *Coley* v. *State,* 41 *Ga. App.* 620 (154 S. E. 203). The evidence warranted the verdict, and the court did not err in overruling the general grounds of the motion for a new trial.

The first of the two grounds contained in the amendment to the motion for a new trial is but an elaboration of the general grounds and needs no separate consideration.

■ The second special ground alleges newly discovered evidence showing that at the time the offense was committd he was "in Lamar County at his mother's house." It is only necessary to say in regard to this ground that it is not in proper form for consideration by this court, (1) because the statement in the affidavit of movant and his counsel that the evidence "could not have been discovered by the exercise of ordinary diligence" is merely a conclusion, without basic facts from which this court can determine whether or not the evidence could have been discovered by ordinary diligence (*Trammell* v. *Shirley,* 38 *Ga. App.* 710, 145 S. E. 486); (*b*) because there is no affidavit of any supporting witness to show the associates of the witnesses depended upon to furnish the evidence in question. *Trammell* v. *Shirley,* supra. We will state further that in view of the fact that the defendant sought to prove by the alleged newly discovered evidence that he spent the night at his mother's home, and that one of the witnesses making affidavit to that effect was the defendant's brother, we think the trial judge could fairly conclude that the evidence was not newly discovered.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*