**WEBSTER v PULLMAN CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15547. Decided Aug 27, 1936

Day, Young & Beach, Cleveland, and Miller, Thompson, & Dunbar, Columbus, for appellant.

John H. McNeal, Cleveland, for appellee.

HORNBECK and BODEY, JJ, and BARNES, PJ, (2nd Dist) sitting by designation.

## OPINION

By BARNES, PJ.

The above entitled cause was instituted in this court by giving notice of appeal, as provided under the new procedural act, effective January 1, 1936. The final judgment appealed from is dated March 21, 1936.

The plaintiff, Edward Webster, on December 26, 1929, while working at the Terminal Depot in Cleveland installing light conduits along the beams and pillars over and above the railroad tracks and platforms in the depot, fell or was knocked from a ladder on which he was standing to the concrete platform below, inflicting very severe injuries. On December 12, 1930, plaintiff filed his petition against the Cleveland Union Terminal Company, seeking damages for his claimed injuries in the sum of $100,000.00. The negligence alleged was that one of the defendant's agents and servants in the course of defendant's business struck the ladder on which plaintiff was standing, with a hand truck, causing him to fall a distance of approximately thirty feet to the concrete platform.

On December 15, 1931, plaintiff filed an amended petition in which the following additional defendants were named: New York Central Railroad Company, New York, Chicago & St. Louis Railroad Company, Cleveland, Columbus, Cincinnati and St. Louis Railroad Company and The Pullman Company, a corporation. The historical facts immediately preceding and at the time of the injury are set forth in the amended petition in substantially the same form as in the original petitions.

The claimed negligence of the several defendants is set forth in the following language:

"Plaintiff avers that the contract between said truck and said ladder, the fall of the plaintiff and the aforesaid resultant injuries were caused wholly, solely, directly and proximately by the recklessness, carelessness and negligence of the said defendants, jointly operating, in the following particulars:"

Then follows in six separate paragraphs, the details of said claimed act of negligence.

The amended petition was not attacked by motion or demurrer by any of the defendants. Four of the defendants filed answers in January, 1932, and the remaining defendant filed answer in March, 1932.

The action came on for trial before Honorable Harrison W. Ewing, a judge of the Common Pleas Court of Cuyahoga County, Ohio, on July 2, 1934. The several defendants, at the close of the trial statement of counsel for the plaintiff, interposed motion for judgment in their favor, upon the ground that such opening statement did not contain a recital of facts sufficient to constitute or state a cause of action against the defendants. The motions were overruled and thereafter evidence introduced.

At the close of plaintiff's evidence, the defendants filed separate motions to withdraw evidence from the jury and for dismissal on the ground that the evidence failed to make a prima facie case as to such defendants.

These motions were sustained as to all the defendants except The Pullman Company, and as to the latter the motion was overruled.

Thereafter on the following day The Pullman Company presented its testimony. This company did not renew its motion for a directed verdict at the close of all the testimony.

Following argument and the charge of the court, the jury retired and later returned with a verdict for the plaintiff in the sum of $42,500.00.

Motion for new trial was filed within statutory time, setting out twelve separate specifications of error, among them being the claim that the verdict was against the manifest weight of the evidence.

On July 25, 1934, the trial court sustained the motion for new trial on the ground that the verdict was not sustained by sufficient evidence. The very short entry as journalized was in the following language:

"Motion of defendant for new trial heard and granted on the ground that verdict herein is not sustained by sufficient evidence and is manifestly against the weight of the evidence."

After the motion for new trial was submitted and in the interim pending the announcement of his opinion, the trial court viewed the premises, having with him, on his invitation, a member of the law firm representing The Pullman Company other than any who participated in the trial, and

also certain employees of the defendant company. At the request of the trial court, a ladder was procured and placed in the approximate location of the ladder upon which plaintiff was working at the time of the accident. The court ascended the ladder and viewed the surroundings from that location and at the same time had a truck moved on the cement platform below. He also had pointed out to him the location of certain employees who had given testimony in the trial.

Following the sustaining of the motion for a new trial, the trial court conveyed to counsel for plaintiff the narrative attending his view of the premises. On the day following the filing of entry sustaining motion for new trial, counsel for plaintiff filed a motion to vacate the entry on the ground of misconduct of the trial court, counsel for defendant and its employees. On July 30 following an amended motion was filed and on August 7, a second amended motion. During the pendency of these motions and prior to the oral hearing had on August 7, depositions of the trial court and others were taken by plaintiff. On August 30, 1934, the trial court overruled plaintiff's motion. The entry reads as follows:

"On due consideration of all evidence herein submitted in the briefs, said second amended motion by plaintiff to vacate and annul the entry of July 25, 1934, for judgment for plaintiff on the verdict of the jury herein is overruled to which plaintiff excepts."

On September 21, 1934, plaintiff filed petition in error in the Court of Appeals. The bill of exceptions had previously been filed and within time duly certified. Briefs of plaintiff in error, defendant in error and reply brief of plaintiff in error were filed in order, the latter under date of June 17, 1935.

On June 18, 1935, defendant in error filed motion to dismiss petition in error on the principal ground that the judgment of the trial court sustaining motion for new trial was not a final order.

Counsel for The Pullman Company in support of their motion to dismiss cited the case of **Young v Shallenberger, 53 Oh St 291,** 300, 301, 302, making the claim that this was a leading case in Ohio; and announcing the rule that the granting or overruling of a motion to set aside a verdict of a jury and granting a new trial is not a final judgment or order from which

error could be prosecuted. Among other cases cited were reported decisions of Ohio courts, the last being the case of **Huff v Pennsylvania Railroad Co., 127 Oh St 94.** In none of these cases did the court have under consideration the question of misconduct of the trial court.

Brief of counsel for plaintiff urged that the situation in the instant case constituted an exception to the general rule and cites many Ohio cases from which the inference was drawn that misconduct of counsel or the court's abuse of discretion would warrant the exception to the general rule. None of the Ohio cases is directly in point. The case of Strode, Exr. v Strode, 194 Ky. 665, (240 SW 368), (27 A.L.R. 313) is in point and supports the contention of plaintiff.

Counsel for defendant indicate that the Kentucky case had the support of the law of that state that the overruling of a motion for new trial was a final order.

The error proceeding, together with the motion to dismiss the petition in error, came up for hearing in the Court of Appeals before the judges of the 5th Appellate District, sitting by designation in the 8th Appellate District. In the transcript of docket and journal entries, under date of June 24, 1935, we find the following:

"The motion by defendant in error to dismiss the petition in error is overruled, to which the defendant in error excepts. Journal 10, p. 690."

Under date of July 2, 1935, the following: "The entry of June 24, 1935, is vacated and set aside. Journal 10, page 706."

At this time we might parenthetically state that following the trial court's overruling plaintiff's several motions to set aside the court's order granting a new trial, plaintiff filed two separate proceedings in error which were later consolidated and heard as one. Apparently they were directed to the same subject matter and might properly have been presented in one error proceeding. Our purpose in making this recital is to explain the two case numbers referred to by the Court of Appeals in its final entry.

On June 28, 1935, the Court of Appeals released its opinion reversing the trial court and remanding the cause with instructions that the trial court sustain plaintiff's motion to vacate its order granting a new trial, and that judgment be entered upon the verdict. This opinion is found reported in **51 Oh Ap page 131, (19 Abs 289).** The first syllabus reads as follows:

"The ruling of the trial court granting a motion for a new trial is a final order from which error may he prosecuted to the Court of Appeals where the granting of said motion constitutes an abuse of the trial court's discretion."

The following Ohio cases are cited and quoted from in the opinion:

Young v Shallenberger, 53 Oh St 291;
Huff v Penn. R. R. Co., 127 Oh St 94;
Conord v Runnels, 23 Oh St 601;
Beaumont v Herrick, 24 Oh St 445;
Davis v State, 118 Oh St 25;
Spafford v Bradley, 20 Oh St 74;
Beatty v Hatcher, 13 Oh St 115;
Dean v King, Pennock & King, 22 Oh St 118.

Also the following texts or decisions from other jurisdictions:

22 Ruling Case Law, 278, §61.

Alston v McGlaughlin, 79 Wash. 355 (140 Pac. 396).

Ralph v Southern Ry. Co., 160 S. C. 229, (158 SE 609).

Strode, Exr. v Strode, 194 Ky. 665, (240 SW 368), (27 A.L.R. 313).

The judgment of the court as exemplified from the journal entry filed July 6, 1935, is quoted in full, as follows:

"July 6, 1935. To Court: These causes Nos. 14489 and 14490, and each of them respectively, jointly, presented and considered, came on to be heard upon the pleadings and the transcript of the record in the Court of Common Pleas, and were so argued by counsel; and on consideration whereof the court finds and certifies that in its opinion substantial justice has not been done the party complaining as shown by the record of the proceedings, final order and judgment under review, in that this court finds that there is error apparent upon the record in the proceedings of said court below, the principles of the plaintiff in error herein. It is therefore considered and found by this court that the trial court in said Court of Common Pleas, abused its judicial discretion in sustaining the motion for a new trial, said motion having been granted on the sole ground that the "verdict herein is not sustained by sufficient evidence and is manifestly against the weight of the evidence." It is therefore further considered and found by this court that the motion to dismiss the petitions in error upon the ground that this court is without jurisdiction is not well taken, and the same is hereby overruled."

It is therefore considered by this court

that the final order and judgment, rendered and entered of record on July 25, 1934, in sustaining and granting said motion for a new trial, by the trial court of said Courts of Common Pleas, shalll be, and the same is hereby reversed, set aside and held for naught. And this court, further proceeding to consider the entire record herein, the transcripts, and the bills of exception and the testimony and evidence therein contained and recorded, finds that—plaintiff in error's (the plaintiff below) second amended motion to vacate, etc., and the said previous final order and judgment rendered and entered of record on July 25, 1934, in sustaining and granting said motion for a new trial, by said trial court below—should have been granted and not overruled; and this court, further proceeding to consider said entire records herein, etc., finds that the verdict of the jury is not clearly and manifestly against the weight of the evidence, and that by reason thereof the motion for new trial should have been overruled; and this court further finds and orders that said causes, and each of them respectively, should be, and the same are hereby remanded to the trial court below, of said Court of Common Pleas, with the following instructions:

(1) to sustain and grant—plaintiff's in error and second amended motion to vacate, etc., its (the said trial court) said previous final order and judgment of July 25, 1934, in granting a new trial, and—

(2) to reinstate the verdict of the jury and—

(3) to overrule the motion for new trial, and—

(4) to render and enter judgment upon said verdict in favor of the plaintiff in error, the plaintiff below, all in accordance with the above findings, orders and judgment of and by this Court of Appeals.

It is further considered and ordered, by this court, that said plaintiff in error recover of said defendant in error, his costs herein. It is further considered and ordered, by this court, that a special mandate therefor be sent to said Court of Common Pleas, the trial court, to carry this judgment into execution. To all of which defendant in error excepts."

Following the release of the opinion dated June 28, 1935, and before the filing of journal entry, defendant in error filed application for rehearing. Thereafter defendant in error filed motion for stay of execution, to which objection was interposed by plaintiff. Application for stay of execution was

overruled by the Court of Appeals on July 18, 1935. On July 12, 1935, mandate and original papers were returned to the trial judge. On July 25, 1935, The Pullman Company filed a petition in error as a matter of right in the Supreme Court of Ohio. On the same day it also filed motion for an order requiring the Court of Appeals of Cuyahoga County to certify its record. On July 25, 1935, there was issued from the Supreme Court mandate staying further proceedings in the Common Pleas Court pending the final determination in the Supreme Court. In early January, 1936, the Supreme Court dismissed plaintiff's petition in error filed as a matter of right, and on or about the same date overruled plaintiff's application to certify.

Application for rehearing was filed and submitted which said application was overruled; see **Pullman Company v Webster, 130 Oh St 409.** The overruling of application to certify should be found in Ohio State Bar report, page 310.

Following the receipt of the mandate from the Supreme Court a further controversy arose as to what date the judgment to be rendered under the mandate of the Court of Appeals and the Supreme Court should bear. Counsel for plaintiff insisted that it should be entered as of July 6, 1935, that being the date of the decision and entry of the Court of Appeals. Counsel for defendant maintained that it should bear date when made. The trial court held to the latter view, and on March 21, 1936, in conformity to the mandate of the reviewing courts, entered judgment for the plaintiff. The judgment of the court was exemplified by the journal entry, which reads as follows:

"March 21, 1936. To Court: This cause came on this day to be heard on the special mandate of the Court of Appeals filed herein on the 6th day of July, 1935, and on the order of the Supreme Court of Ohio, staying all proceedings thereon by journal entry dated the 25th day of July, 1935, and on the mandate of the Supreme Court of Ohio filed herein on February 6, 1936, and on the amended motion of plaintiff for judgment pursuant to journal entries and mandates of the Court of Appeals and the Supreme Court of Ohio, on due consideration whereof and in compliance with said respective mandates and journal entry, the ruling and entry of August 30, 1934, overruling the plaintiff's second amended motion to vacate the entry of July 25, 1934, are vacated, and said second amended motion of plaintiff is granted, and said ruling and entry of July 25, 1934, granting defendant's motion for a new trial are vacated, and said motion of defendant for new trial is overruled. To all of which defendant excepts.

Further in compliance with said respective mandates and journal entry, judgment is hereby rendered upon the verdict of the jury herein in favor of plaintiff, Edward Webster, and against the defendant, The Pullman Company, for the sum of Forty Two Thousand Five Hundred Dollars and costs. To which defendant excepts. March 21, 1936.

The plaintiff, Edward Webster, reserves exceptions to the ruling of the trial court, as made manifest by journal entry dated March 21, 1936, copy of which has been submitted to counsel by the court, and excepts to the overruling of the amended motion filed herein, to-wit, on February 20, 1936, plaintiff further reserves additional exception to the failure of the trial court to incorporate in said journal entry the present judgment on the verdict of the jury in compliance with the mandate of the Court of Appeals, and as of the date of the judgment under review in the Court of Appeals, viz., July 25, 1935."

On March 30, 1936, The Pullman Company filed notice of appeal on question of law. This corresponds to the old error proceedings. Assignments of error and briefs of counsel representing the respective parties were duly filed. This branch of the case is now submitted to the Court of Appeals of the Second Appellate District sitting by designation in the 8th Appellate District.

Counsel for plaintiff, Webster, has filed a motion to dismiss the petition in error upon the claimed ground that this court has no jurisdiction, and as grounds for such contention sets forth ten specifications.

These specifications may be advantageously classified under two grounds:

1. That the appeal was not filed within time;

2. That the question now presented is res adjudicata.

In regular order it is proper to pass on the motion to dismiss before considering the merits.

Notice of appeal was filed on March 30, 1936, and this would be within 20 days following the entry of final judgment in Common Pleas Court on March 21, 1936. It will be conceded that if March 21, 1936

is the proper date of judgment, notice is within time. If the date of judgment is to be arbitrarily fixed as of the date of mandate from the Court of Appeals or Supreme Court, then notice of appeal would not be within the 20 days prescribed under the new procedural act.

Counsel for plaintiff, in support of his motion to dismiss, suggests a number of other dates as fixing the time of final order rather than that of March 21, 1936.

We have carefully examined the brief of counsel and the authorities cited and arrive at the conclusion that the date of final judgment of the Common Pleas Court is March 21, 1936. It therefore follows that the notice of appeal was within time.

The contention that the questions raised through the present appeal are res adjudicata present a very perplexing question, although we have arrived at the conclusion that it is not a proper predicate for dismissal of the appeal. The claim of res adjudicata if sustained does not ▮▮▮▮▮▮▮▮ challenge or preclude the jurisdiction of this court, but would be determined upon the merits.

That this question in some form is presented through the record is beyond cavil. Whether the question should be characterized as res adjudicata, the law of the case or a previous conclusive determination of a material issue denying relief on the present issue, would be a quibble over technicalities and not determinative of the substance. When hereafter we refer to the term "res adjudicata" we do not intend to limit the expression of the strict literal meaning, but intend to include therein the applicable law relative to the "law of the case" and prior determination of material issues as it affects the instant case.

The Court of Appeals now hearing the instant case must accept as fixed established law, as far as it affects ▮▮▮▮▮▮▮▮ this case, the prior judgment of the Court of Appeals dated July 6, 1935.

We are frank to say that were we passing on the question originally presented we would have difficulty in arriving at the same conclusion, at least to the point of ordering final judgment. The various phases of the legal questions involved in the previous hearing before the Court of Appeals were very ably presented by very eminent counsel. As a matter of interest we have examined the briefs and know whereof we speak. It was determined that the trial court was guilty of misconduct in his consideration of the motion for new

trial and that his sustaining of the motion for new trial was an abuse of discretion, and that by reason thereof the granting of said motion by the trial court was a final order, and that the decisions of the Ohio Supreme Court in the case of Young v Shallenberger, 53 Oh St 291, and in Huff v Penn. R. R. Co., 127 Oh St 94, and other Ohio cases wherein it was determined that the sustaining or overruling of a motion for new trial was not a final order were not controlling, since not presenting situations of misconduct of counsel or an abuse of discretion.

There was also presented to the court in the application for rehearing a line of cases prescribing a procedure covering misconduct of the trial court. The leading case is that of Railway Co. v Mayor of the City of Cordele, 54 SE 155 (Ga.) This was an action for injunction, in which the trial court predicated his order in part upon a personal inspection and observation. The statement of the case discloses that the trial court's personal inspection and observation were not made with the consent of counsel for the parties. The judgment was reversed with direction that the case be heard on the evidence properly submitted. This case may be distinguished in that it was not predicated upon motion for new trial.

However, in the case of Thompson v State, 138 Ga. 267 being a murder case, the question did arise on a motion for new trial. In this case the trial court considered an affidavit not regularly presented in evidence. The Supreme Court of Georgia ordered the judgment for new trial vacated and set aside and that the motion for new trial be reconsidered by the trial court upon the testimony properly submitted. The reviewing court in the former hearing on the instant case did not adopt this form of procedure.

The case of Strode, Exr. v Strode, 194 Ky. 665 (240 SW 368; 27 A.L.R. 313) was cited and referred to in the opinion of the court. In the Kentucky case the trial court granted a motion for new trial on the ground of insufficiency of evidence to support the verdict. The case was taken up on review on the claimed ground that the trial court had abused its discretion in granting a new trial on the ground of insufficiency of evidence. Apparently no question was raised as to the trial court's overruling a motion for new trial being a final order. Counsel for plaintiff in error represent the law so to be, but no citations are presented in support of the claim. The

Court of Appeals of Kentucky reversed the case, finding that it was an abuse of discretion for the trial court to reverse on the weight of the evidence where the record disclosed same to be equi ponderant or nearly so.

No Ohio cases directly in point were found, but the reviewing court referred to a number of decisions by the Supreme Court of Ohio wherein it was inferred that an abuse of discretion might be ground for granting jurisdiction to a reviewing court. As a sample of such, we refer to the case of **Beaumont v Herrick, 24 Oh St 445**, page 458, being the last paragraph of the opinion:

"If the exercise of such discretion is reviewable on error in any case, it can only be where the record shows, in view of all the facts and circumstances under which the court acted, an abuse of discretion, resulting in the denial to the party of a fair trial."

Our purpose in referring to these three different lines of thought is to have a comprehensive understanding not only of what the reviewing court said, but what they intended to say. The reviewing court said, and unquestionably intended to say that the trial court was guilty of misconduct; that by reason 'of such misconduct there was an abuse of discretion in sustaining the motion for new trial on the ground that the verdict was against the manifest weight of the evidence; and further, by reason of such abuse of discretion the overruling of the motion for new trial became a final order. Syll. 1, **Webster v Pullman Co., 51 Oh Ap 131, (19 Abs 289).**

The reviewing court having determined that under the conditions existing the sustaining of the motion for new trial was a final order and therefore reviewable, we now come to consider the judgment of the reviewing court and in what particulars, if any, it is res adjudicata on the questions now presented in the instant case. On this question we must look to the judgment entry rather than the opinion.

The scope of the judgment appears from the following quoted portion of the judgment entry, under date of July 6, 1935:

"It is therefore considered by this court that the final order and judgment—rendered and entered of record on July 25, 1934 in sustaining and granting said motion for a new trial, by the trial court of said Court of Common Pleas, shall be and the same is hereby reversed, set aside and held

for naught. And this court, further proceeding to consider the entire record herein, the transcripts, and the bills of exception, and the testimony and evidence therein contained and recorded, finds that plaintiff's in error (plaintiff below) second amended motion to vacate, etc., and the said previous final order and judgment rendered and entered of record on July 25, 1934, in sustaining and granting said motion for a new trial, by said trial court below, should have been granted and not overruled, and this court further proceeding to consider said entire record herein, etc., finds that the verdict of the jury is not clearly and manifestly against the weight of the evidence, and that by reason thereof the motion for new trial should have been overruled; and this court further finds and orders that said causes and each of them respectively, should be and the same are hereby remanded to the trial court below, of said Common Pleas Court, with the following instructions, viz.

1. To sustain and grant plaintiff's in error and second amended motion to vacate, etc., its (the said trial court) said previous final order and judgment of July 25, 1934, in granting a new trial, and

2. To reinstate the verdict of the jury, and

3. To overrule the motion for new trial, and

4. To render and enter judgment upon said verdict in favor of the plaintiff in error, the plaintiff below, all in accordance with the above findings, orders and judgment of and by this Court of Appeals."

It must be kept in mind that the reviewing court had before it the motion for new trial setting forth the same specifications of error as are presented in the instant case, with the exception that in this hearing an additional specification is set out claiming error of the trial court in entering judgment in accordance with the mandate of the Court of Appeals and the Supreme Court. The reviewing court having determined that the sustaining of the motion for new trial was a final order, it next had to determine how far it would go in its mandate. It might have remanded with instructions to rehear and determine. This it did not do. It went as far as was possible, for any reviewing court to go in any case. It reversed, remanded and directed in detail what the judgment of the trial court should be. The jurisdiction of the reviewing court was contested at every step and after its judgment petition in error

was filed in the Supreme Court as a matter of right and also at the same time, application made to the Supreme Court to order the case certified. The Supreme Court dismissed the petition in error on the ground that no constitutional question was involved and at the same time refused to order certification. On rehearing, the former holdings were upheld. It therefore follows that the judgment of the reviewing court, being unreversed, is █ binding in this present hearing on every question determined through its judgment. The reviewing court in its journal entry expressly declares that it reviewed the evidence and that the verdict was not against the manifest weight thereof. So long as this decision remains unreversed, the Court of Appeals in this case is powerless to consider the correctness of that determination. The order of final judgment compels us to go farther and hold that we are █ precluded from considering any of the other claimed errors set forth in the motion for new trial and restated in modified form in the front pages of brief of appellant under the heading "Assignments of Errors."

The reviewing court in the former hearing could not direct the trial court to enter judgment on the verdict if there was any other prejudicial error manifest upon the record preserved through the motion for new trial. The correctness of the sustaining or overruling of the motion for new trial could not be based alone upon the trial court's reasoning or its stated grounds. When a reviewing court acquires jurisdiction to review a trial court's action in sustaining or overruling a motion for new trial, it certainly must search █ the record as to whether or not the judgment is sustainable on any ground, even though the reviewing court may differ from the trial court on the reasons given for their respective findings. We are unable to cite or refer to a case identical in its facts with the instant case, for the probable reason that none exists. However, the books are full of analagous situations and the reasons therein are applicable here. We refer to **Ohio Jurisprudence, Vol. 2 (Appeal and Error) §580, p. 627.** The soundness of position is manifest when we consider what the reviewing court had before it in the former hearing. What was the judgment of the lower court complained of? It was the granting of motion for new trial. If the judgment was correct upon any ground,

it would have to be sustained, even though the trial court abused its discretion in determining that such judgment was against the manifest weight of the evidence. The reviewing court could only determine that the judgment was right or wrong by considering all claimed errors that were saved in the record. Whenever a situation arises that gives the reviewing court jurisdiction to determine the overruling or granting of motion for new trial, a final order, and if such court has the jurisdiction to order final judgment, it would be an anomalous situation to say that the court could not and should not consider any other matters than the one upon which the trial court sustained the motion for new trial.

Furthermore it appears in the instant case that the trial court when entering the final judgment on March 21, 1936 did so on the order of the Court of Appeals. The judgment entry recites that it is in conformity to the mandate of the reviewing court.

Again it would seem to be an anomalous situation to say that the reviewing court would by mandate direct a judgment on a verdict and thereafter consider whether or not the trial court was in error in so doing.

Another case which we think is pertinent in its reasoning is that of Smart v Kansas City, 208 Missouri, 162, (105 SW 709, 14 L.R.A., N.S. 565). We quote the following:

"A party granted a new trial by the trial court has no occasion to appeal but should not be precluded from showing by the record brought up by his adversary any and all errors committed in the trial of the cause; and all questions presented by the record and necessary for the proper disposition of the case will be passed upon."

We are constrained to the view that the judgment of the Court of Appeals, standing unreversed, is conclusively determinative of every issue present in the present appeal. It therefore follows that the judgment of the lower court will be affirmed and costs adjudged against appellant.

Exceptions will be noted.

HORNBECK and BODEY, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Nov 4, 1936

By THE COURT.

The above entitled cause is now being

determined on appellant's application for rehearing.

Very able and comprehensive briefs have been filed by counsel, and, in addition, we permitted oral presentation.

Neither in the briefs nor in the oral argument do we find any proposition presented which was not considered before releasing the original opinion.

The supplemental brief filed in support of the application for rehearing emphasizes the fact that regardless of whether the decisions were rendered by the Court of Appeals of the Fifth District or the Second District, in each instance it must be characterized as the judgment of the Court of Appeals of the Eighth District.

This is exactly what we had in mind when preparing our original decision overruling motion for new trial and ordering judgment is final.

It is true that under the provisions of §11631, GC, Courts of Common Pleas and Courts of Appeal have absolute control of their judgment and may modify or vacate same during term. We also considered **Jones v Harmon et, 122 Oh St, 120**, and **New York Life Insurance Co. v Hosbrook, 130 Oh St, 101**. In the latter case the earlier rule announced in **Gohman v City of St. Bernard, 111 Oh St, 726**, was overruled as to the first and second propositions of the syllabus. The reasoning announced in the Hosbrook case, 130 Oh St, supra, does not cover the situation in the instant case.

It is our conception that there is a marked difference between a retrial ordered by a reviewing court and an order of final judgment on the record then presented. We see no distinction between the final judgment entered by the Common Pleas Court on the order of the Court of Appeals and where the Court of Appeals enters the same judgment.

The application for rehearing will be overruled.

Exceptions will be allowed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.