30758. OWENS *v.* THE STATE.

DECIDED JANUARY 17, 1945.

12

*George W. Westmoreland,* for plaintiff in error.
*Hope D. Stark, solicitor-general,* contra.

GARDNER, J. ■ We will deal first with the assignments of error raised on the overruling of the demurrer: (a) It is well established that robbery by force and violence on the one hand, and by intimidation on the other hand, are not separate offenses, but are different grades of the same offense. They may be charged in the same count. *Lampkin·* v. *State,* 87 *Ga.* 516 (2) (13 S. E. 523); *Harris* v. *State,* 191 *Ga.* 243 (12 S. E. 2d, 64); *Harris* v. *State,* 1 *Ga. App.* 136 (57 S. E. 937); *Bradham* v. *State,* 51 *Ga. App.* 436 (180 S. E. 748). By virtue of these authorities the indictment is good. The court did not err in overruling the general demurrer. (b) We come next to consider the special demurrer. The gravamen of this assignment is that the indictment alleges that the property was taken from "James" Rucker, and that it was taken without the consent of "Jim" Rucker. The Code, § 102-102 (1), provides: "The ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject-matter, when they shall have the signification attached to them by experts in such trade, or with reference to such subject-matter." The ordinary signification of "James" and "Jim" is that Jim is but an abbreviated form of James so far as proper names are concerned. The court did not err in giving the words this ordinary signification as used in the indictment, even though there was no alias pleaded. The indictment was good in this respect so far as the special demurrer is concerned. The names are synonymous. In this connection we might also state that it was proper in the trial of the case for the court to permit testimony for the purpose of showing that James Rucker and Jim·Rucker, as mentioned in the indictment, were one and the same person, and was the person from whom the money was alleged to have been taken. *Jones* v. *State,* 63 *Ga.* 456; *Jones* v. *State,* 65 *Ga.* 148; *Robinson* v. *State,* 68 *Ga.* 833; *McLain* v. *State,* 71 *Ga.* 279; *Hainey* v. *State,* 107 *Ga.* 711 (33 S. E. 418).

■ We come next to consider whether the evidence supports the verdict of robbery by intimidation rather than robbery by force as contended by the defendant. Both of our appellate courts have frequently had this question under consideration. We find from an examination of the decisions that the evidence adduced in those reported cases falls into three classes: First, where the evidence sustains robbery by force and violence only; second, robbery by

intimidation only; and third, where the evidence supports both grades of robbery. If the evidence sustains the first only, robbery by force and violence, a verdict for robbery by intimidation is illegal, and vice versa. Where the evidence supports both grades, a verdict for either is sustainable. Where the evidence sustains both grades, a general verdict will be construed to be for robbery by force and violence, the higher grade.

We will now examine those cases which deal with the lower grade, that is, robbery by intimidation. In *Grant* v. *State,* 125 *Ga.* 259 (54 S. E. 191), we have a case where the defendant entered a store pretending to purchase a pistol. While under the pretense of inspecting the pistol he pulled from his pocket certain cartridges and loaded the pistol. He pointed the weapon at the salesman and held it on him while he backed out of the store. This was held to be a case of robbery by intimidation, and not by force. See also *Sweat* v. *State,* 90 *Ga.* 315 (17 S. E. 273). In *Barksdale* v. *State,* 24 *Ga. App.* 115 (3) (100 S. E. 45), this court held: ".Evidence that the defendant held a pistol in a threatening and intimidating manner over the victim of an alleged robbery, while his confederates . . relieved the latter of his money and other loose valuables unattached to the person or clothing, authorizes a conviction of robbery by intimidation, but not of robbery by force, the robbery having been accomplished without 'force.' " *Tanner* v. *State,* 24 *Ga. App.* 132 (100 S. E. 44), was a well-considered case, citing a number of decisions of both our Supreme Court and this court. In the opinion in that case, the distinction between robbery by force and violence and robbery by intimidation is, to our minds, clearly pointed out, and a number of cited authorities clearly distinguish the two grades. The facts in the *Tanner* case are that one of the defendants put a pistol in the face of the victim and forced him to hold up his hands while the other pilfered his pockets. From this state of facts it was held to be a case of robbery by intimidation and not force. See in this connection *Adams* v. *State,* 43 *Ga. App.* 326 (158 S. E. 609). We will cite no further cases concerning the grade of robbery by intimidation.

We will now cite a few cases under the higher grade—that is, robbery by force and violence only. See in this connection *Smith* v. *State,* 117 *Ga.* 320 (43 S. E. 736, 97 Am. St. R. 165), wherein

the Supreme Court said: "Where a purse secured by a steel chain wrapped around the owner's finger is suddenly snatched by one intending to steal the same, and the force used is sufficient to break the chain and injure the owner's finger, the offense is robbery, and not larceny from the person." See also *Story* v. *State,* 12 *Ga. App.* 644 (77 S. E. 914), where the facts show that the accused "simultaneously grabbed" the money of the prosecutor "and struck him a terrific blow on the head, either with a pistol or with brass knucks." And *McIntyre* v. *State,* 41 *Ga. App.* 352 (152 S. E. 914), where the evidence shows that the accused "seized" the prosecutor and went through his pockets and obtained the property. Counsel for the plaintiff in error relies on *Bradham* v. *State,* supra. We have examined the evidence in the original record in the *Bradham* case and it shows that the defendants knocked the victims down and took from them a sweater and money. The court held that under these facts robbery by force and violence was made out, and that the evidence did not show robbery by intimidation. The indictment in that case, as here, charged robbery by force and intimidation. Error was assigned because the court failed to charge robbery by intimidation. This court held that this was not error. The opinion stated that the failure to charge robbery by intimidation, under the facts of that case, was proper because the evidence showed only robbery by force and violence. It is argued in the instant case that the evidence shows robbery by force, and not robbery by intimidation, and that since the court in the instant case failed to charge on the principle of robbery by force the case should be reversed. The logic, reasoning, and conclusion of able counsel for the accused is sound as an abstract principle of law. The trouble is, his major premise is wrong. The evidence shows a case of robbery by intimidation, according to the authorities hereinbefore cited. The major premise being unsound, the conclusion which he reaches is necessarily faulty. In our view of the case the trial court properly restricted the jury to the consideration of robbery by intimidation. While it is true that the accused illegally laid his hands upon the victim, and went through his pockets while he put an open knife to his throat, still this does not seem to constitute such force and violence as to change the grade of robbery from that of intimidation to that of force and violence under the facts of this case, and

when applied to the facts of the cases cited above. There are cases which involve evidence of both force and violence and intimidation. We will cite only one of them, viz., *Harris* v. *State,* supra. The facts in that case show that one defendant held a gun on the victim while the other "seized" him and went through his pockets and obtained his money. An analysis of that case reveals that the pointing of the pistol of the one was the intimidation, and the seizing by the other was the force and violence required, both of which, under the facts of that case, made one of robbery by both force and intimidation.

In view of what we have said, and the authorities cited, the trial court did not commit error in the instant case by submitting to the jury the lower grade of robbery, that is, robbery by intimidation, and in not submitting the higher grade. The verdict returned was in accordance with the proper instructions of the court, and is supported by the evidence. We find no error in the judgment of the trial court for any reason assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*