31920.   SETZER *v.* THE STATE.

Decided February 18, 1948.

*Claude V. Driver*, for plaintiff in error.

*Hal C. Hutchens, Solicitor-General, W. A. Foster Jr.*, contra.

GARDNER, J. ■ Special grounds 2 and 3 assign error because the court submitted for the consideration of the jury robbery by intimidation. These grounds are so closely related to the general grounds that we will discuss them along with the general grounds. The defendant insists that a new trial should be granted under the general grounds as well 'as these special grounds, for the reason that, if the defendant were guilty of any offense at all under the evidence, it was robbery by force and violence and not robbery by intimidation. In *Owens* v. *State*, 72 *Ga. App.* 11 (32 S. E. 2d, 848), this court held that robbery by force and violence. on the one hand, and by intimidation on the other hand, are not separate offenses, but are different grades of the same offense, and that it is permissible to charge them in the same count. In that same decision this court, in the second division thereof, said: "Both of our appellate courts have frequently had this question under consideration. We find from an examination of the decisions that the evidence adduced in those reported cases falls into three classes: first, where the evidence sustains robbery by force and violence only; second, robbery by intimidation only; and third, where the evidence supports both grades of robbery. If the evidence sustains the first only, robbery by force and violence, a verdict for robbery by intimidation is illegal, and vice versa. Where the evidence supports both grades, a verdict for either is sustainable." The decision in the *Owens* case and the citations of authority therein fully sustain the principle that the evidence in this case at least sustains a verdict of robbery by intimidation, even though we may concede that the evidence also would have supported a verdict for robbery by force and violence. So far as the general grounds and special grounds 2 and 3 are concerned, they con-

tain no merit and show no reason why the judgment should be reversed.

■ ■ Special ground 1: Before pleading to the merits, the defendant made a motion for a continuance on account of the absence of a witness, the taxicab driver, Red Cauthen. After the robbery, the defendant remained in jail until the trial, which was July 29, 1947. At this term of court, and the day before the trial, the court appointed counsel for the defendant. The day the case was called the court continued it until the following day. The following day when the case was recalled for trial, the attorney for the defendant stated that he was not ready to go to trial on account of the absent witness, and that the witness had been subpoenaed. The evidence on this motion for continuance showed that the subpoena had been issued on the 28th, but that the sheriff had not been able to serve it; that the witness had moved, and the sheriff had been informed that the witness had last been heard of in Atlanta, but that his whereabouts at that time was unknown. The only thing that the defendant wished to prove by the absent witness was that, when the witness carried the defendant and Brown to the river and returned them to Tallapoosa about 8 o'clock, Brown was drunk. The court overruled the motion for continuance. This motion was evidently based on two grounds, which we think were not well founded; even if the taxicab driver had testified that Brown was drunk at 8 o'clock, it would not be material in showing that Brown was drunk at 11 o'clock, three hours thereafter, or that, if he was drunk or drinking, this would have authorized the defendant to rob him. Then too, the jury seems to have been well informed from the evidence that Brown was, during the afternoon and even in the early portion of the same evening, drinking beer heavily. But the officers testified that Brown was not drunk just a few minutes after the robbery, and his conduct in leading the officers to the scene of the robbery would refute the idea that he was drunk at the time of the robbery, although it may be conceded that he might have been drinking beer heavily in the early afternoon. Moreover, it does not appear that the witness for whom a subpoena had been issued was within the jurisdiction of the court or that the defendant expected to have him present at some future time. Again, the record shows that the officers inquired of the defendant if he had any witnesses.

prior to the day of the calling of the case, and the defendant informed them that he did not.

After the motion for continuance had been overruled, counsel for the defendant objected to the jurors who had heard the evidence on the motion for continuance being put upon the defendant. This objection was based on the ground that the court had permitted counsel for the State to go into detail concerning the details of the robbery. The judge overruled the objection with the statement that he had said in open court all along that this was merely a motion for a continuance and the defendant would be tried on the evidence after issue had been formed. We have read this ground carefully and we can not come to the conclusion that the investigation on the motion for continuance was prejudicial to the defendant's case when he was put on trial. Then again, this is a felony case, and the presumption is that voir dire questions were put to the jurors, and that they qualified under oath that they were not biased or prejudiced by having heard any of the testimony delivered on oath. We find no merit in the assignments of error under this ground.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*